**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE:

INTERPHASE CORPORATION

Debtor

Case No. 15-41732
Chapter 7

**MOTION TO APPROVE COMPROMISE AND SETTLEMENT**
**VIRTEX ENTERPRISES, L.P.**

NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

COMES NOW, Mark A. Weisbart, Chapter 7 Trustee ("Trustee") in the above-referenced bankruptcy case, files this Motion to Approve Compromise and Settlement with VirTex Enterprises, L.P., pursuant to FED.R.BANKR.P. 9019, seeking approval of a compromise and settlement agreement between the bankruptcy estate and VirTex Enterprises, L.P. In support hereof he would respectfully show the Court as follows:

**I. JURISDICTION**

1.      This Court has jurisdiction to consider the motion under 28 U.S.C. §§ 157 and 1334. This matter involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this motion is authorized pursuant to FED.R.BANKR.P. 9019.

**II. PROCEDURAL AND FACTUAL BACKGROUND**

2.      On September 30, 2015 (the "Petition Date"), Interphase Corporation (the "Debtor" or "Interphase") filed a voluntary petition under Chapter 7 of Title 11 of the United

States Code (the "Bankruptcy Code") commencing the above-referenced bankruptcy case.

3.      Mark A. Weisbart was thereafter appointed the interim Chapter 7 Trustee, and has continued in the capacity as trustee since the meeting of creditors.

4.      Prior to commencing the this bankruptcy case Interphase operated as an information and communications technology company providing embedded computing solutions, engineering design services, and contract manufacturing services in North America, the Pacific Rim and Europe.  A part of its business included the manufacture and sale of networking products (the "Products").

5.      Pursuant to a certain Asset Purchase Agreement dated September 28, 2015, by and between Interphase and VirTex (the "Purchase Agreement"), Interphase sold to VirTex all of its tangible and intangible assets related to the Products, including, without limitation, all inventory, work in progress, component parts, raw materials, equipment, fixed assets, Intellectual Property, software programs, source code and related items, and contract rights (hereinafter, the "Assets").

6.      In exchange for the Assets VirTex agreed to pay Interphase (1) $142,379.00 at closing for the inventory, (2) $21,986.00 for fourth quarter end of life parts for the inventory, (3) $300,000.00 at closing, and (4) an "earn-out" based upon VirTex's "Gross Profit" on the sales of Products pursuant to certain sale forecasts through 2018 (the "Earn-Out").[1]

7.      VirTex further agreed to pay a one-time payment for additional inventory in the amount of $12,984.00 (the "Inventory Payment").

8.      The initial projected Earn-Out was approximately $1,200,000.00 based on Interphase's past Product sales.

9.      Based on the actual Gross Profit of sales of Products for the fourth quarter of

---

[1] The terms of the Earn-Out are attached hereto as Exhibit "1."

2015 and the first quarter of 2016 VirTex has computed that the Earn-Out due the Debtor aggregates $610,854.00 (the "Earn Out Balance").

10.     Trustee has reviewed the data provided by VirTex in support of the calculation of the Earn Out Balance.

### III. SETTLEMENT

11.     Trustee has reached a settlement with VirTex which resolves all issues, claims and disputes that exist or may exist surrounding the Earn-Out, the Inventory Payment and the Earn Out Balance.

12.     The terms of this settlement are more fully set forth in that certain Compromise and Settlement Agreement attached hereto as Exhibit "2" (the "Agreement").  The general terms and conditions of the Agreement are as follows:

> (i)     VirTex shall pay the Trustee the aggregate sum of $629,838.00 (being the sum of the Inventory Payment and the Earn Out Balance) on the first business day following an order approving this Agreement becoming final and non-appealable (the "Settlement Payment"); and

> (ii)    Trustee and VirTex shall provide mutual releases in relation to the Assets, the Purchase Agreement, the Earn-Out and the Earn Out Balance as set forth in the Agreement.

### IV. REQUESTED RELIEF WITH SUPPORTING AUTHORITY

13.     FED.R.BANKR.P. 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

14.     Although no specific standards for approval of a compromise and settlement are outlined in either the Bankruptcy Code or the Bankruptcy Rules, guidelines for trial courts in reviewing compromises and settlements in the context of a bankruptcy proceeding were established by the United States Supreme Court in *Protective Committee for Independent Stockholders of TNT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968).  The Supreme Court

found that in evaluating the benefits a compromise and settlement will have for a bankruptcy estate, trial courts must apply several factors. These factors include: (i) the complexity and expense of the potential litigation; (ii) the delay to the administrator of the estate associated with fully litigating the contested issues; (iii) the probability of success in complete resolution of the issues in dispute; and (iv) the final outcome and the best interest of creditors test. The Fifth Circuit has adopted these same criteria in its decision in *American Can Co. v. Herpel (In re Jackson Brewing Company),* 624 F.2d 605, 607 (5th Cir. 1980). *See also, United States v. Aweco, Inc. (In re Aweco,* Inc.), 725 F.2d 293 (5th Cir. 1984) (court may approve a compromise or settlement only when it is "fair and equitable").

15.      It is the business judgment of the Trustee that the settlement set forth above meets the criteria for approval under the Fifth Circuit's decisions in *Jackson Brewing* and *Aweco,* and FED.R.BANKR.P. 9019.  First, the settlement will alleviate the estate's cost of litigating issues surrounding the Products sold by VirTex and the "Gross Profit" associated with those sales in calculating the amounts due under the Purchase Agreement.  Second, the proposed settlement will alleviate the delay in any such litigation.  Given the remaining assets of the estate Trustee believes that disputing the outstanding Earn-Out would substantially delay distributions to creditors and final administration of the estate.  Third, with supporting information provided by VirTex and the slowdown in Product orders attributable to Interphase's bankruptcy filing, there is uncertainty surrounding the estate's probability of success in disputing the calculation of the Earn Out Balance. The proposed settlement provides certainty for creditors in this regard.  In light of the finality the settlement provides, and the avoidance of delay and litigation cost to the estate, Trustee believes the proposed settlement is in the best interest of creditors and the Debtor's bankruptcy estate.

16.     Consequently, the Trustee requests that the Court approve the settlement as set forth above.

## V. PRAYER

WHEREFORE, the Trustee respectfully requests that upon notice to all creditors and parties in interest, the Court (i) approve the settlement as outlined herein in all respects; (ii) authorize the Trustee to take all reasonable and necessary actions that are, in the opinion of Trustee, necessary to effectuate the settlement; and (iii) grant the Trustee such other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
THE LAW OFFICE OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-4903 Phone
(972) 628-4905 Fax
weisbartm@earthlink.net

COUNSEL FOR CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served on the attached mailing matrix either through the Court's electronic notification system as permitted by Appendix 5005 III. E. To the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid on this the 19th day of July, 2016.

/s/ Mark A. Weisbart
Mark A. Weisbart

(a) Payment after Q4 of 2015 of 40% of the Gross Profit earned on the revenues of Buyer's sales of Product, such payment estimated to be $300,000 to $500,000 depending on the actual Gross Profit achieved. For purposes of this Agreement, "Gross Profit" shall mean Net Revenue less Manufacturing Costs. For purposes of this Agreement, "Manufacturing Costs" shall include all labor, materials, facilities, equipment and all other costs required to manufacture the Product. For purposes of this Agreement, "Net Revenue"

shall mean gross total amounts invoiced to customer with respect to the sale of Product, less the following actual and reasonably documented deductions if they are not already reflected in the gross invoiced amounts:  (i) product returns; (ii) applicable customs duties, sales taxes and/or use taxes, value added taxes, excise taxes, and/or duties or tariffs and/or other similar taxes imposed upon the particular sales; (iii) freight, insurance and other direct shipment expenses; and iv) reasonable amounts (but in no event greater than one and a half percent (1.5%) of total reported Net Sales) of Products furnished to a third party for which payment is not intended to be received, including Products distributed as promotional, sample or free goods.

(b) Payment after Q1 of 2016 of 30% of the Gross Profit on the sales of Products, payment estimated to be $100,000 depending on the actual gross profit achieved.

(c) One-time payment for six (6) additional months of inventory needed to support product sales for the inventory listed in Schedule 1.2(a) (estimated 2Q 2016 and 3Q 2016 inventory) of Twelve Thousand Nine Hundred Eighty four dollars ($12,984).

(d) One-time payment based upon a revised forecast using the run-rate from 4Q-2015 and 1Q 2016 of remaining customers and their expected volumes at the following rates for 2Q-4Q 2016 through year end 2018 as follows:

   (i)   2016: 30% of Gross Profit on Buyer's sales of Products, estimated to be approximately $300K

   (ii)  2017: 15% of Gross Profit on Buyer sales of Products, estimated to be approximately $175K

   (iii) 2018: 10% of Gross Profit on Buyer's sales of Products, estimated to be approximately $100K

## COMPROMISE AND SETTLEMENT AGREEMENT

This Compromise and Settlement Agreement (the "Agreement") is made and entered into this /6th day of July 2016, by and between, Mark A. Weisbart, in his capacity as Chapter 7 Trustee for the bankruptcy estate of Interphase Corporation ("Trustee") and VirTex Enterprises, LP, a Texas limited partnership ("VirTex") (Trustee and VirTex are hereinafter collectively referred to as, the "Parties," and each one a "Party").

WHEREAS on or about September 30, 2015 (the "Petition Date'), Interphase Corporation (the "Debtor" or "Interphase") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") commencing that certain bankruptcy case styled *In re Interphase Corporation*, Case No. 15-41732 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (the "Bankruptcy Court"); and

WHEREAS following the commencement of the Bankruptcy Case the Trustee was appointed as the Chapter 7 trustee for the Debtor's bankruptcy estate, and has since remained in that capacity; and

WHEREAS prior to commencing the Bankruptcy Case Interphase operated as an information and communications technology company providing embedded computing solutions, engineering design services, and contract manufacturing services in North America, the Pacific Rim and Europe. A part of its business included the manufacture and sale of networking products (the "Products"); and

WHEREAS pursuant to a certain Asset Purchase Agreement dated September 28, 2015, by and between Interphase and VirTex (the "Purchase Agreement"), Interphase sold to VirTex all of its tangible and intangible assets related to the Products, including, without limitation, all inventory, work in progress, component parts, raw materials, equipment, fixed assets, Intellectual Property, software programs, source code and related items, and contract rights (hereinafter, the "Assets"); and

WHEREAS in exchange for the Assets VirTex agreed to pay Interphase (1) $142,379 at closing for the inventory, (2) $21,986 for fourth quarter end of life parts for the inventory, (3) $300,000 at closing, and (4) an "earn-out" based upon VirTex's "Gross Profit" on the sales of Products pursuant to certain sale forecasts through 2018 (the "Earn-Out"); and

WHEREAS, VirTex further agreed to pay a one-time payment for additional inventory in the amount of $12,984 (the "Inventory Payment"); and

WHEREAS the initial projected Earn Out was approximately $1,200,000.00 based on Interphase's past Product sales; and

WHEREAS based on the actual Gross Profit of sales of Products for the fourth quarter of 2015 and the first quarter of 2016 VirTex has computed that the Earn-Out due the Debtor aggregates $610,854.00 (the "Earn Out Balance"); and

**COMPROMISE AND SETTLEMENT AGREEMENT -- Page 1**

WHEREAS Trustee has reviewed the data provided by VirTex in support of the calculation of the Earn Out Balance; and

WHEREAS Trustee and VirTex seek to settle all issues, claims and disputes that exist or may exist surrounding the Earn-Out, the Inventory Payment and the Earn Out Balance.

NOW, THEREFORE, to avoid further litigation of the disputed issues between them and the attendant costs appurtenant therewith, and for good, valuable and adequate consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties to this Agreement, intending to be legally and fully bound hereby, covenant and agree as follows:

1.     **Settlement Payment**.   VirTex shall pay the Trustee the aggregate sum of $629,838.00 (being the sum of the Inventory Payment and the Earn Out Balance) on the first business day following an order approving this Agreement becoming final and non-appealable (the "Settlement Payment").

2.     **Release of Estate**.   VirTex, its successors and affiliates, hereby irrevocably and unconditionally releases, acquits and forever discharges the Debtor and its bankruptcy estate, and Trustee and his attorney, agents and representative, from any and all claims, obligations, liabilities, rights, actions and causes of actions existing or that may exist, whether known or unknown, matured or unmatured, contingent or liquidated, relating to, arising from or concerning the Assets and the Purchase Agreement.

3.     **Estate Release of VirTex**.   Upon receipt of the Settlement Payment, Trustee, for and on behalf of the Debtor's bankruptcy estate, its predecessors, successors and assigns and all other persons or entities in privity with the estate, hereby irrevocably and unconditionally releases, acquits and forever discharges VirTex and its successors and assigns, from any and all claims, obligations, liabilities, rights, actions and causes of actions existing or that may exist, whether known or unknown, matured or unmatured, contingent or liquidated, relating to, arising from or concerning the Assets, the Purchase Agreement, the Earn-Out and the Earn Out Balance.   Other than as set forth herein, Trustee is not aware of any claims currently pending or threatened against VirTex or the Assets.

4.     **Condition Precedent**.   The effectiveness of this Agreement is contingent upon the Bankruptcy Court's approval of this Agreement.   In the event such approval is not obtained all of the terms, conditions and agreements contained herein shall be null and void and of no force or effect.

5.     **Notices**.   Any and all notices, payments or other communications required or permitted by this Agreement or by applicable law shall be served on or given to any Party hereto shall be given in writing and delivered via certified mail, postage prepaid courier service, via email and via facsimile at the addresses, numbers and email addresses set forth below or at such other address as it shall hereafter furnish in writing to each Party hereto:

**COMPROMISE AND SETTLEMENT AGREEMENT -- Page 2**

Exhibit "2"

If to Trustee:

>Mark A. Weisbart
>12770 Coit Rd., Suite 541
>Dallas, TX   75251
>Fax: (972) 628-3687
>Email:   weisbartm@earthlink.net

If to VirTex:

>Brad Heath, CEO
>Virtex Enterprise, LLP
>12234A N Interstate Hwy 35
>Austin, Texas 78753
>Email: bradh@virtexassembly.com

6.    **Binding Effect**.  Each Party hereby warrants, represents and agrees that this Agreement shall be binding upon them and inure to the benefit of their successors, heirs and assigns.

7.    **Advice of Counsel and Jointly Drafted**.  Each Party warrants, represents and acknowledges that (a) they have consulted with legal counsel in connection with this Agreement, (b) they have carefully read and understand the terms and provisions of this Agreement, (c) they willingly and with knowledge entered into this Agreement, (d) they have each relied upon the advice of counsel of their own choosing in entering into this Agreement and are not relying upon any representation, promise, statement, or agreement by any other Party hereto or such Party's attorneys, agents, or representatives, not expressly set forth in this Agreement, (e) the agreements contained herein are the product of an arms-length negotiation and that this Agreement is not subject to fraud, duress or overreaching. This Agreement shall be deemed to have been jointly drafted by the Parties for the purpose of applying any rule of construction to the effect that ambiguities are to be construed against the draftsman.

8.    **Governing Law and Venue**.   This Agreement shall be construed and governed in accordance with the laws of the State of Texas.   The Parties agree that venue for any and all disputes arising under, related to, or concerning the effect, scope or interpretation of this Agreement shall be in the Bankruptcy Court which shall have exclusive jurisdiction to resolve any such dispute or controversy.   To the extent the Bankruptcy Court determines that it does not have jurisdiction over any such dispute or controversy, the Parties agree that venue of same shall be in a court of competent jurisdiction in Collin County, Texas.

9.    **Entire Agreement**.  This Agreement and the attachments referenced herein represents the final and complete understanding and agreement between the Parties and may not be contradicted by evidence of prior or contemporaneous written or oral agreements or any subsequent oral agreements.   There are no representations, warranties, promises, covenants, or undertakings other than those expressly set forth in this Agreement, and all prior discussions,

<u>**COMPROMISE AND SETTLEMENT AGREEMENT**</u> -- **Page 3**

negotiations and agreements are deemed merged herewith. THE PARTIES EXPRESSLY AGREE THAT, AS OF THE DATE HEREOF, THIS AGREEMENT SUPERCEDES ALL OTHER AGREEMENTS, WHETHER THEY ARE WRITTEN OR ORAL, BETWEEN THE PARTIES CONCERNING THE SUBJECT MATTER HEREOF.

10.   **Amendment.**   This Agreement may not be amended, modified, altered, or supplemented other than by means of a written instrument duly executed and delivered on behalf of each of the Parties.   This Agreement may be executed in multiple counterparts, all of which, taken together, shall constitute one and the same Agreement.

11.   **Authority and Capacity**.   This Agreement is freely and voluntarily entered into by and between each Party.   Each Party represents and warrants to the other that (i) the person executing this Agreement for and on its behalf has the full and complete authorization and power to execute Agreement in the capacity stated, (ii) this Agreement constitutes a valid, binding and enforceable obligation, and (iii) the Agreement does not violate any law, rule, regulation, contract, agreement or court order.

12.   **No Assignment of Claims**.   It is further understood and agreed that each Party to this Agreement warrants and represents that they are the owners of all rights, claims, or causes of action of any kind which they have or may claim to have arising out of the occurrences and that the claims being released herein have not been assigned, transferred or otherwise encumbered.

13.   **Additional Documents**.   The Parties agree, that upon the request of the other Party to this Agreement, they will to execute and deliver such additional documents as may be reasonably necessary to effectuate the terms contained in or contemplated by this Agreement.   If all the related documents are not completed and attached to this Agreement as of the Closing, the Parties shall cooperate, and jointly work to prepare such documents which comport with this Agreement.   The parties shall present any disputes concerning the terms of these documents to the Bankruptcy Court.

14.   **Costs**. The Parties agree that each Party shall be solely responsible for any and all costs and expenses incurred by that Party, including attorneys' fees, expenses and expert fees, in connection with the State Action, this Agreement and the Bankruptcy Case.

15.   **No Admission**. It is understood and agreed that this Agreement is given in connection with the compromise and settlement of disputed claims and that any payment or exchange of consideration between the Parties in connection herewith shall not be construed as an admission of liability or wrongdoing by any Party.

16.   **Counterparts**.   This Agreement may be executed in multiple parts, each of which will be deemed an original and all of which, even if delivered by facsimile or electronically, shall constitute one and the same instrument.

AGREED to by the undersigned on the date set forth above.

**COMPROMISE AND SETTLEMENT AGREEMENT -- Page 4**

**VIRTEX ENTERPRISES, LP**

By: _____
Name: _____
Title: _____

**BANKRUPTCY ESTATE OF INTERPHASE CORPROATION**

By: _____
Name:   Mark A. Weisbart
Title:   Chapter 7 Trustee

**COMPROMISE AND SETTLEMENT AGREEMENT -- Page 5**

Exhibit "2"

Label Matrix for local noticing
0540-4
Case 15-41732
Eastern District of Texas
Sherman
Tue Jul 19 17:58:54 CDT 2016

Alcatel-Lucent International
William Hagerman
1960 Lucent Lane
Napeville, IL 60563-1594

Anderson & Levine LLP
14785 Preston Road, Suite 650
Dallas, TX 75254-6812

Anydata Corporation
5 Oldfield
Irvine, CA 92618-2840

Arrow Electronics Inc.
c/o NAC Risk Recovery
9201 E. Dry Creek Road
Englewood, Co 80112-2818

Avnet, Inc.
5400 Prairie Stone Pkwy
Hoffman Estates, IL 60192-3721

Evan R. Baker
1601 Elm Street
Suite 3000
Dallas, TX 75201-4757

Bankruptcy Section MS A340
Franchise Tax Board
P O Box 2952
Sacramento, CA 95812-2952

CBT Technology Inc.
Atrenne Computing Solutions
10 Mupac Drive
Brockton, MS 02301-5548

Shawn M. Christianson
55 Second St., 17th Fl.
San Francisco, CA 94105-3491

Christine Balash dba Educon
18966 Apple Tree Lane
Orange, CA 92869-3002

City of Carrollton
c/o Laurie Spindler Huffman
Linebarger Goggan Blair & Sampson, LLP
2777 N Stemmons Freeway Suite 1000
Dallas, TX 75207-2328

Comptroller of Public Accounts
c/o Office of the Attorney General
Bankruptcy - Collections Division MC-008
PO Box 12548
Austin TX 78711-2548
(512) 463-2173

Computershare Trust Co. Inc.
100 University Ave, 8th Fl.
Toroonto, ON Msj241

Denton County
c/o Lee Gordon
P.O. Box 1269
Round Rock, Texas 78680-1269

Department Of Health and Human Services
Jeffrey Grant
7500 Security Blvd, Mail Stop WV-22-75
Baltimore, MD 21244-1849

Digi-Key Corporation
PO Box 677
Thief River Falls, MN 56701-0677

Ernst And Young Societe D'Avocoats
Tour First-TSA 14444
Paris-La Defense, FR 92037

Eschool Media Inc.
7920 Norfolk Ave., Suite 900
Bethesda, MD 20814-2539

FedEx TechConnect, Inc.
Attn: Revenue Recovery/Bankruptcy
3965 Airways Blvd. Module G.,3rd Floor
Memphis,TN 38116-5017

Finnish Tax Administration
Collection and Recovery Unit of
Southern Finland
P.O. Box 6002
FI-0052-Vero Finland

Future Electronics
c/o Diane Svendsen
41 Main St.
Bolton, MA 01740-1134

GECITS - Bankruptcy
P O Box 13708
Macon, GA 31208-3708

GENBAND US LLC AND ITS SUBSIDIARIES
c/o Caroline R. Penninck, Esq.
3208 Fannin Lane
Grapevine, Texas 76092-3328
Email: cpenninck@gchub.com
Phone: (214) 418-6470

(p)MICHAEL REED OR LEE GORDON
PO BOX 1269
ROUND ROCK TX 78680-1269

Gregory B. Kalush
2402 Danbury Dr.
Colleyville, TX 76034-5424

Laurie Spindler Huffman
Linebarger, Goggan, Blair & Sampson
2777 N. Stemmons Frwy Ste 1000
Dallas, TX 75207-2328

Illinois Secretary of State
Dept of Business Services
350 Howlett Building
Springfield, IL 62756-0001

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Interphase Corporation
4240 International Pkwy
Suite 105
Carrollton, TX 75007-1985

James C. Poole, Jr.
8136 Westlakes Place
Montgomery, AL 36117-5156

Jennifer J. Kosharek
658 Point Loma Dr.
Frisco, TX 75034-8892

John J. Kane
Kane Russell Coleman & Logan PC
1601 Elm St. Suite 3700
Dallas, TX 75201-7207


Level 3 Communications(Legal Dept. Bky)
1025 Eldorado Blvd
Broomfield Co 80021-8869

Marlin Business Bank
300 Fellowship Rd.
Mt. Laurel, NJ 08054-1201

Massachusetts Department of Revenue
Bankruptcy Unit
P. O. Box 9564
Boston, MA 02114-9564


Holland Neff O'Neil
Gardere & Wynne, L.L.P.
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201-4761

Caroline Penninck
1445 Ross Avenue, Suite 3700
Dallas, TX 75202-2755

Rimini Street, Inc.
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566-3127


SAP America, Inc.
Brown & Connery, LLP
6N. Broad Street
c/o Donald Ludman, Esq
Woodbury, NJ 08096-4635

George C. Scherer
Law Office of Robert Luna, PC
4411 N. Central Expy.
Dallas, TX 75205-4210

State Of California
Bankruptcy Section MS A340
Franchise Tax Board
PO Box 2952
Sacramento, CA 95812-2952


State of Florida - Department of Revenue
Post Office Box 6668
Tallahassee, FL 32314-6668

TTI, Inc.
2441 Northeast Parkway
Fort Worth, TX 76106-1816

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231


Washington State Department
Of Labor & Industries
PO Box 44171
Olympia, WA 98504-4171

Mark A. Weisbart
The Law Office of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251-1366

Yoram Solomon
2700 Big Creek Ct.
Plano, TX 75093-3362


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Lee Gordon
McCreary Veselka Bragg & Allen, PC
PO Box 1269
Round Rock, TX 78665


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Mark A. Weisbart
The Law Office of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251-1366

(d)Mark A. Weisbart
The Law Office of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251-1366

End of Label Matrix
Mailable recipients    47
Bypassed recipients     2
Total                  49