**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| IN RE:<br><br>INTERPHASE CORPORATION<br><br>Debtor | Case No. 15-41732<br>Chapter 7 |

**MOTION TO ESTABLISH BAR DATE FOR FILING
PROOFS OF INTEREST BY SHAREHOLDERS**

NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

Mark A. Weisbart, Chapter 7 Trustee ("Trustee") in the above-referenced bankruptcy case, files this Motion to Establish Bar Date for Filing Proofs of Interest by Shareholders, pursuant to Section 105(a) of the Bankruptcy Code and FED.R.BANKR.P. 3002, seeking establishment of a bar date for the filing of proofs of equity interests by Debtor's shareholders. In support of this relief, Trustee would respectfully show the Court as follows:

**I. JURISDICTION**

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this motion is authorized pursuant to 11 U.S.C. § 105(a) and FED.R.BANKR.P. 3002.

**II. PROCEDURAL AND FACTUAL BACKGROUND**

2. On September 30, 2015 (the "Petition Date"), Interphase Corporation (the "Debtor" or "Interphase") filed a voluntary petition under Chapter 7 of Title 11 of the United

States Code (the "Bankruptcy Code") commencing the above-referenced bankruptcy case.

3. Mark A. Weisbart was thereafter appointed the interim Chapter 7 Trustee, and has continued in the capacity as trustee since the meeting of creditors.

4. Prior to commencing the filing of this bankruptcy case Interphase operated as an information and communications technology company providing embedded computing solutions, engineering design services, and contract manufacturing services in North America, the Pacific Rim and Europe.

5. Since his appointment, the Trustee has liquidated the Debtor's assets and recovered amounts due and owing the Debtor. In light of the estate's assets and the aggregate amount of claims filed to date by creditors, there is a reasonable possibility a surplus could arise resulting in a distribution to shareholders.

6. Prior to its cessation of operations and filing this case, Interphase was a publicly traded company (NASDAQ: INPH). Upon information and belief, Interphase continues to trade on the over-the-counter market – the pink sheets (OTC: INPHQ), although infrequently. Given the possibility that this case could result in a surplus estate, Trustee contacted the Debtor's transfer agent, Computershare Investor Services ("Computershare"). Although Computershare was terminated as transfer agent on December 17, 2015, it provided the Trustee a list of shareholders of record as of September 30, 2015, containing more than 2,200 names and addresses (the "Shareholder List").

7. As this may be a surplus estate, the Trustee believes it would be beneficial to the efficient administration of the bankruptcy estate that shareholders be provided an opportunity to file proofs of interest for any such distribution, and that a deadline be established for the filing of such interests.

8. For this purpose, the Trustee proposes to distribute to shareholders identified on

the Shareholder List a Proof of Interest substantially in the form of Exhibit "A" attached hereto (the "Interest Form"). Trustee further proposes that a deadline of March 31, 2017, be established as the date by which Proofs of Interest must be timely filed with the Court. Trustee believes that this date will provide all shareholders a reasonable period within which to timely file their respective proof of interest. Trustee also proposed to publish one time the Notice attached hereto as Exhibit "B" in the Wall Street Journal at least twenty (20) days prior to the proposed deadline. Given the circumstances surrounding Interphase's cessation of operations and de-listing from the NASDAQ all shareholders are aware, or should reasonably be aware, of the filing of this bankruptcy case.

### III. RELIEF REQUESTED

9. Section 105(a) of the Bankruptcy Code, "[t]he court may issue any order … that is necessary or appropriate to carry out the provisions of [title 11]."

10. Federal Rule of Bankruptcy Procedure 3002(a) provides that an equity security holder must file a proof of interest for the interest to be allowed, except as otherwise provided under certain circumstances. However, for purposes of a chapter 7 case, the Bankruptcy Rules do not impose a deadline for the filing of proofs of interest.

11. As this case may involve a surplus estate allowing for distributions to equity security holders, the Trustee requests that the Court, pursuant to Section 105(a) and FED.R.BANKR.P. 3002, (i) establish a deadline for the filing of proofs of interest as the later of (A) sixty (60) days from entry of an order approving this Motion, and (B) March 31, 2017 (the "Filing Deadline"); (ii) approve the use of the Interest Form as the form to be used by shareholders in filing their proofs of interest; (iii) authorize the Trustee to use the Shareholder List to serve to each named shareholder identified on such list a copy of the entered order approving this Motion and setting the Filing Deadline along with a copy of the Interest Form;

(iv) authorize publication of the Notice of Order Fixing Deadline for Filing Proof of Interest by Equity Security Holder attached hereto as Exhibit "B" in the Wall Street Journal one time at least twenty (20) days prior to the Bar Date; and (v) find that service to those individuals and entities identified on the Shareholder List of the Court's order and Interest Form, plus the one-time publication notice constitutes reasonable notice under the circumstances to potential shareholders of the Filing Deadline to allow such shareholders a reasonable opportunity to assert their equity interests in the Debtor for purposes of distribution of any surplus.

## V. SERVICE

12.     Service of this Motion has been made in accordance with the Court's Order Granting Application to Limit Notice of Pleadings Pursuant to Fed.R.Bank.P 2002(h) and 9007. Trustee requests the Court find that such notice is appropriate and sufficient.

## VI. PRAYER

WHEREFORE, the Trustee respectfully requests that the Court (i) establish a deadline for the filing of proofs of interest as requested herein; (ii) approve the Interest Form as the form to be used by shareholders in filing their respective proofs of interest; (iii) approve the process as outlined herein as providing shareholders such notice that is reasonable under the circumstances to afford them an opportunity to assert their equity interests in the Debtor; (iv) authorize the Trustee to serve the order approving this Motion along with an Interest Form to those individuals and entities identified on the Shareholder List; authorize the publication notice as described herein; and (v) granting the Trustee such other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
THE LAW OFFICE OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-4903 Phone
(972) 628-4905 Fax
mark@weisbartlaw.net

COUNSEL FOR CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served on the attached mailing list either through the Court's electronic notification system as permitted by Appendix 5005 III. E. To the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid on this the 20th day of January 2017.

/s/ Mark A. Weisbart
Mark A. Weisbart

# UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS

**PROOF OF INTEREST**

| Name of Debtor: Interphase Corporation | Case Number: **15-41732** |
|---|---|

**1. Name and address of holder of the Equity Interest** (the person or entity holding an Equity Interest in the Debtor. Referred to hereinafter as the "Interestholder"):

☐ Check box if you are aware that anyone else has filed a proof of interest relating to your interest. Attach copy of statement giving particulars.

Telephone Number:

**NOTE:** This form SHOULD NOT be used to make a claim against the Debtor for money owed. A separate Proof of Claim form should be used for that purpose. This form should only be used to assert an Equity Interest in the Debtor. An Equity Interest is any right arising from any capital stock and any equity security in any of the Debtor. An equity security is defined in the Bankruptcy Code as (a) a share in a corporation whether or not transferable or denominated stock or similar security, (b) interest of a limited partner in a limited partnership, or (c) warrant or right other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subsection (a) or (b) herein.

If you have already filed a proof of interest you do not need to file again.

**COURT USE ONLY**

Account or other number by which Interestholder identifies Debtor:

Check here if this claim:
☐ replaces a previously filed Proof of Interest dated:
☐ amends a previously filed Proof of Interest dated:

**2. Name and Address of any person or entity that is the record holder for the Equity Interest asserted in this Proof of Interest:**

Telephone Number:

**3. Date Equity Interest was acquired:**

**4. Total amount of member interest:** _____

**5. Certificate number(s):** _____

**6. Type of Equity Interest:**
Please indicate the type of Equity Interest you hold:
☐ Check this box if your Equity Interest is based on common shares of the Debtor.
☐ Check this box if your Equity Interest is based on common non-voting shares of the Debtor.
☐ Check this box if your Equity Interest is based on anything else and describe that interest:
**Description:** _____

**7. Supporting Documents**: Attach copies of supporting documents, such as stock certificates, option agreements, warrants, etc. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgement of the filing of your Proof of Interest, enclose a stamped, self-addressed envelope and copy of this Proof of Interest.

This completed Proof of Interest form must be sent by mail or hand delivered so that it is **actually received on or before 5:00 p.m., prevailing Central Standard Time, on March 31, 2017** for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units).

**MUST BE FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF TEXAS:**
**by mail:** 660 North Central Expressway, Suite 300B
Plano, Texas 75074
or by electronic filing through PACER

**9. Signature:**
Check the appropriate box.
☐ I am the Interesholder.
☐ I am the Interestholder's agent. (Attach copy of power of attorney, if any.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____
Title: _____
Company: _____
Address and telephone number (if different from notice address above):
_____

(Signature)       (Date)

Telephone number:       email:

***Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571***

{1045.002-W0035317.}

Exhibit "A"

# INSTRUCTIONS FOR PROOF OF INTEREST FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Interest Form (if not already filled in)**

**Court, Name of Debtor, and Case Number:**

Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the equity holder received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Equity Holder's Name and Address:**

Fill in the name of the person or entity asserting a proof of interest and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The equity holder has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002 (g).

**1. Amount of Shares Owned as of Date Case Filed:**
State the total amount of shares owned by the equity holder on the date of the Bankruptcy filing.

**2. Documents:**

Attach to this proof of interest form redacted copies documenting the existence of the shares owned and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**

The person filing this proof of interest must sign and date it. FRBP 9011. If the interest is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the equity holder or other person authorized to file this proof of interest. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of interest.

**--- DEFINITIONS ---**  **--- INFORMATION ---**

*Debtor*
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

*Creditor*
A creditor is the person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing.

*Proof of Interest*
A proof of interest is a form used by equity holders to indicate the amount of the shares owned by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

*Redacted*
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

*Acknowledgment of Filing of Proof of Interest*

To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

Exhibit "A"

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

IN RE:

INTERPHASE CORPORATION

Debtor

Case No. 15-41732
Chapter 7

## NOTICE OF ORDER FIXING DEADLINE FOR FILING PROOF OF INTEREST BY EQUITY SECURITY HOLDER[1]

**TO ALL EQUITY SECURITY HOLDERS OF INTERPHASE CORPORATION AND PARTIES IN INTEREST, PLEASETAKE NOTICE THAT:**

1. On September 30, 2015, Interphase Corporation filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, commencing the above-referenced bankruptcy case (the "Case"). Mark A. Weisbart ("Trustee") is the duly appointed and acting Chapter 7 trustee of the Interphase bankruptcy estate.

2. On February __, 2017, the United States Bankruptcy Court for the Eastern District of Texas (the "Court") entered an order (the "Equity Bar Date Order") pursuant to Section 105(a) of the Bankruptcy Code and FED.R.BANKR.P. 3002 (i) fixing, the date and place for the filing by equity security holders of proofs of interest in the Case, and (ii) approving the form of Proof of Interest to be used by equity security holders in filing a proof of interest in the Case (the "POI Form").

3. Pursuant to the Equity Bar Date Order, any and all equity interest holders of securities in Interphase Corporation must file a POI Form along appropriate documentation establishing an equity interest in the company **no later than March __, 2017** (the "**Bar Date**"). A POI Form will be deemed timely filed if filed in the Case via the Court's electronic filing system or received by the Clerk of the Court, Suite 300B, 660 North Central Expressway, Plano, Texas 75074, on or before the Bar Date.

4. Failure to timely file a POI Form may preclude an equity interest holder from having an allowed interest in accordance FED.R.BANKR.P. 3002(a) and from receiving a distribution from the bankruptcy estate.

5. A copy of the POI Form may be obtained from the Court's website, www.txeb.uscourts.gov, or by requesting a copy from the Trustee, 12770 Coit Rd, Suite 541, Dallas, TX 75251 (972) 628-4900.

6. Any party in interest wishing to obtain information about the Equity Bar Date Order or the Case generally, may contact the Trustee. All documents that are filed with the Court may be reviewed during regular business hours (9:00 a.m. to 4:00 p.m. weekdays, except legal holidays) at the Clerk's office at the address above.

---

[1] "Equity Security Holder" and "Equity Security" have those meanings set for the in Section 101(17) and 101(16) of the Bankruptcy Code.

Dated: February __, 2017.

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
THE LAW OFFICE OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-4903 Phone
(972) 628-4905 Fax
mark@weisbartlaw.net
COUNSEL FOR CHAPTER 7 TRUSTEE

Exhibit "B"