# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>INTERPHASE CORPORATION<br><br>DEBTOR<br><br>MARK A. WEISBART,<br>CHAPTER 7 TRUSTEE<br><br>PLAINTIFF<br><br>v.<br><br>ANYDATA CORPORATION<br><br>DEFENDANT | Case No. 15-41732<br>Chapter 7<br><br>Adversary Proceeding No. 17-_____ |

## COMPLAINT OBJECTING TO PROOF OF CLAIM, FOR TURNOVER AND DAMAGES

Mark A. Weisbart, Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate of Interphase Corporation, files this Complaint Objecting to Proof of Claim, For Turnover and Damages (the "Complaint"). In support of the claims asserted and relief sought herein, Plaintiff would allege as follows:

## I. PARTIES

1. Plaintiff is the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Interphase Corporation.

2. Defendant AnyDATA Corporation ("AnyDATA") is a Delaware corporation having its principal place of business at 5 Oldfield, Irvine, CA 92618. AnyDATA may be served with process by delivering a copy of the Complaint and summons to its registered agent and Chief Executive Officer, Soon B. Shin at 18761 Paseo Picasso, Irvine, CA 92603-33285 and 5 Oldfield Irvine, CA 92618.

## II. JURISDICTION

3. This Court has jurisdiction to hear this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Order of Reference for the United States District Court for the Eastern District of Texas.

4. This adversary proceeding is brought pursuant to Sections 502, 541 and 542 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure. This proceeding constitutes a core matter pursuant to 28 U.S.C. § 157(b)(1)(A), (B) and (C).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. FACTUAL AND PROCEDURAL BACKGROUND

### A. Commencement of Interphase's Bankruptcy Case

6. On September 30, 2015 (the "Petition Date"), Interphase Corporation ("Interphase" or "Debtor") filed a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code commencing the above-referenced bankruptcy case (the "Case").

7. Upon the filing of the Petition, Mark A. Weisbart was appointed the interim chapter 7 for Interphase bankruptcy estate, and has since continued in his capacity as the permanent chapter 7 trustee. In that capacity, Plaintiff is the representative of the Debtor's bankruptcy estate and has standing to assert the claims herein pursuant to 11 U.S.C. § 323.

### B. Interphase Corporation

8. Interphase was, as of the filing of its bankruptcy case, a diversified information and communications technology company, focused on innovation through the process of identifying, developing and introducing new products and services. The company offered products and services from embedded computing solutions, engineering design services, and contract manufacturing

services to a new line of embedded computer vision product in North America, the Pacific Rim and Europe, having designed and manufactured products for the electronics industry for more than 40 years.

9. In the ordinary course of its business Interphase would regularly contract with third party vendors for the supply of parts and materials needed for its engineering and manufacturing services. For this purpose, in January 2013 Interphase and AnyDATA entered a certain Supplier Purchase Agreement dated January 4, 2013 (the "Agreement") under which AnyDATA agreed to sell, supply and deliver to Interphase certain modules at various specific intervals in the future. Thereafter, in June 2013, Interphase and AnyDATA entered a certain Addendum 1 To Supplier Purchase Agreement dated June 27, 2013 (the "Addendum"), as a supplement to the Agreement. Specifically, through the Addendum Interphase agreed to purchase, and AnyDATA agreed to sell and deliver to Interphase, certain parts described therein as "EOL Parts." For the sale and delivery of the EOL Parts Interphase pre-paid AnyDATA $289,000.00 (the "EOL Prepayment").

10. As of October 2013, AnyDATA had yet to deliver the EOL Parts to Interphase as required by the Addendum. Consequently, on October 11, 2013, Interphase made demand on AnyDATA for delivery of the EOL Parts during a telephone conversation between Randall McComas, Interphase's Vice President of Global Sales, and Peter Pak, AnyDATA's Chief Operating Officer. This demand was, thereafter, reduced in writing in an email from Mr. McComas to Mr. Pak on October 14, 2017. By subsequent letter dated October 17, 2013, Interphase requested delivery of the EOL Parts by AnyDATA by November 11, 2013.

11. As the EOL Parts were not delivered by such date, through a letter dated November 13, 2013, from David Johnson, Interphase's legal counsel, to Mr. Pak, Interphase notified AnyDATA of its breach of the Addendum (the "Breach Notice"). In the Letter, Mr. Johnson

wrote:

> As of today, AnyDATA has failed to deliver the EOL Parts as required under the Addendum. Moreover, AnyDATA has failed to even provide a cycle count verifying the existence of the EOL Parts as required under the Addendum. Pursuant to AnyDATA's failure in breach of the Addendum, we can only assume that the EOL parts were never procured by AnyDATA.

12. At the time of the Breach Notice, Interphase owed AnyDATA $205,200.00 (the "<u>Module Balance</u>") for the second 10,000 module order shipped under the Agreement Interphase had received on August 5, 2013. On the other hand, AnyDATA held certain funds prepaid by Interphase, namely, the EOL Prepayment and $125,684.40 being a 40% deposit paid in advance for the third order of 10,000 modules under the Agreement (the "<u>Third Order Deposit</u>").

13. Because of AnyDATA's breach, and through the Breach Notice, Mr. Johnson directed Mr. Pak to (1) offset $205,200 of the EOL Prepayment to the Module Balance leaving a remaining balance on the EOL Prepayment of $83,980, and if AnyDATA did not have the parts to fulfill the 3rd order of 10,000 modules that was still outstanding and unshipped under the Agreement, for AnyDATA to refund the $83,980 balance in addition to the Third Order Deposit for an aggregate refund of $209,664.40 (the "<u>Refund Amount</u>").

14. AnyDATA did not fulfill the 3rd order of modules nor did it remit the Refund Amount to Interphase.

15. As of the Petition Date and the date of the filing of this complaint, the Refund Amount remains due and owing Interphase.

## C. <u>AnyDATA Proof of Claim</u>

16. On November 23, 2015, AnyDATA filed a proof of claim in the Case asserting a general unsecured claim in the amount of $79,335.60 (the "<u>Claim</u>") for a purported balance due for the delivery of certain modules in August 2013.

## IV. CAUSES OF ACTION

### COUNT ONE – OBJECTION TO CLAIM

17. Plaintiff incorporates by reference as if fully set forth herein, the allegations contained in Paragraphs 1 through 16.

18. Plaintiff objects to the Claim on the basis that there is no debt due AnyDATA under applicable law.

19. The Agreement, as supplemented by the Addendum (together, the "Contract)" constituted a valid and enforceable contract between Interphase and AnyDATA.

20. AnyDATA breached the Contract by failing to timely supply and deliver the EOL Parts.

21. Due to AnyDATA's breach, Interphase terminated the Contract through the Breach Notice dated November 17, 2013.

22. Pursuant to the Breach Notice Interphase further offset $205,200 of the EOL Prepayment to the Module Balance leaving a remaining balance on the EOL Prepayment of $83,980. Interphase further directed AnyDATA to refund the $83,980 balance in addition to the Third Order Deposit for an aggregate refund of $209,664.40 (the "Refund Amount") if AnyDATA did not have the parts to fulfill the 3rd order of 10,000 modules that was still outstanding and unshipped under the Agreement.

23. At no time has AnyDATA delivered to Interphase the Refund Amount or the third module order.

24. Prior to the filing of its bankruptcy case Interphase had performed its obligations under the Contract.

25. Since any outstanding balance due AnyDATA for delivery of modules was satisfied

by Interphase's direction for AnyDATA to offset such balance with the EOL Prepayment, no debt remains outstanding and due AnyDATA.

26. Consequently, the Claim should be disallowed in its entirety in accordance with 11 U.S.C. § 502(b)(1) and applicable state law.

### COUNT TWO – TURNOVER – 11 U.S.C. § 542

27. Plaintiff incorporates by reference as if fully set forth herein, the allegations contained in Paragraphs 1 through 26.

28. Section 542 of the Bankruptcy Code, in part, provides:

(a) Except as provided in subsection (c) or (d) of this section, an entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

29. The Refund Amount constitutes property Plaintiff, as trustee, may use under Section 363, and such property is not of consequential value or benefit to the estate.

30. Alternatively, the Refund Amount represents a debt owed to Interphase by AnyDATA that constitutes property of the estate under Section 541(a)(1) of the Bankruptcy Code which is matured. The debt is not subject to offset under Section 553 of the Bankruptcy Code as AnyDATA does not hold a valid claim against Interphase.

31. As a consequence, Plaintiff is entitled to a judgment ordering AnyDATA to turnover the Refund Amount in accordance with Section 542(a) of the Bankruptcy Code or, alternatively, Section 542(b) of the Bankruptcy Code.

## COUNT THREE – BREACH OF CONTRACT

32. Plaintiff incorporates by reference as if fully set forth herein, the allegations contained in Paragraphs 1 through 31.

33. AnyDATA's breach of the Contract by its failure to timely supply and deliver the EOL Parts to Interphase in accordance with the Contract's damaged Interphase.

34. The Agreement, as supplemented by the Addendum (together, the "Contract)" constituted a valid and enforceable contract between Interphase and AnyDATA.

35. AnyDATA breached the Contract by failing to timely supply and deliver the EOL Parts and to returning the Refund Amount.

36. Due to AnyDATA's breach, Interphase terminated the Contract through the Breach Notice on November 17, 2013.

37. AnyDATA's breach of the Contract by its failure to supply and deliver the EOL Parts and return the Refund Amount has damaged Interphase and its bankruptcy estate.

38. Prior to the filing of its bankruptcy case Interphase had performed its obligations under the Contract.

39. All conditions precedent have been satisfied, performed or have occurred.

40. Accordingly, Plaintiff is entitled to judgment against AnyDATA for breach of the Contract and to recover any and all actual and consequential damages, costs of collection, court costs, attorneys' fees, and pre judgment and post judgment interest.

## COUNT FOUR – RECOVERY OF ATTORNEYS' FEES AND EXPENSES

41. Plaintiff incorporates and re-alleges the factual allegations contained in paragraphs 1 through 40 by reference for all purposes.

42. Plaintiff has been required to retain the services of attorneys in preparing and

bringing this proceeding.

43. The Contract constitutes a valid and binding written contract.

44. As a consequence, Plaintiff is entitled to judgment awarding, and recovery from AnyDATA for, his for his reasonable attorneys' fees and expenses under all applicable law, including, without limitation, Tex.Civ.Prac. & Rem. Code § 38.001, et seq.

## V. PRAYER

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. Judgment disallowing AnyDATA's Claim in its entirety in accordance with 11 U.S.C. § 502(b)(1) and applicable state law.

2. Judgment ordering AnyDATA to turnover the Refund Amount in accordance with 11 U.S.C. § 542(a) or, alternatively, 11 U.S.C. § 542(b).

3. Judgment against AnyDATA for damages for breach of contract in an amount to be proven at trial.

4. Judgment awarding recovery of reasonable attorneys' fees and costs to the extent allowed by applicable law.

5. Such other and further relief to which Plaintiff is justly entitled.

Respectfully Submitted,

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
James S. Brouner
Texas Bar No. 03087285
THE LAW OFFICE OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-4903 Phone
mark@weisbartlaw.net
jbrouner@weisbartlaw.net
COUNSEL FOR PLAINTIFF