IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>INTERPHASE CORPORATION<br><br>Debtor | Case No. 15-41732<br>Chapter 7 |

MOTION TO APPROVE COMPROMISE AND
SETTLEMENT WITH GREGORY B. KALUSH

NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

Mark A. Weisbart, Chapter 7 Trustee ("Trustee") in the above-referenced bankruptcy case, files this Motion to Approve Compromise and Settlement with Gregory B. Kalush, pursuant to FED.R.BANKR.P. 9019, seeking approval of a compromise and settlement agreement between the bankruptcy estate and Gregory B. Kalush with regard to the Trustee's objection to the proof of claim filed by Mr. Kalush. In support hereof, he would respectfully show the Court as follows:

I. JURISDICTION

1. This Court has jurisdiction to consider the motion under 28 U.S.C. §§ 157 and 1334. This matter involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this motion is authorized pursuant to FED.R.BANKR.P. 9019.

II. PROCEDURAL AND FACTUAL BACKGROUND

2. On September 30, 2015 (the "Petition Date"), Interphase Corporation (the "Debtor" or "Interphase") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code

(the "Bankruptcy Code") commencing the above-referenced bankruptcy case.

3. Mark A. Weisbart was thereafter appointed the interim Chapter 7 Trustee, and has continued in the capacity as trustee since the meeting of creditors.

4. Prior to commencing this bankruptcy case, Interphase operated as an information and communications technology company providing embedded computing solutions, engineering design services, and contract manufacturing services in North America, the Pacific Rim and Europe. A part of its business included the manufacture and sale of networking products (the "Products").

5. As of the Petition Date, Gregory B. Kalush ("Kalush") was the Debtor's Chief Executive Officer and President, and a member of its Board of Directors.

6. On or about December 16, 2015, Kalush filed a Proof of Claim asserting an unsecured claim in the amount of $1,058,543.36, which is denoted on the Court's claim register as Claim No. 14-1 (the "Claim"). Of this amount, Kalush asserts that $12,475.00 consists of a priority claim for wages, salaries or commissions pursuant to Section 507(a)(4).

7. As filed, the Claim is based on Kalush's entitlement to severance payments and other compensation or reimbursement arising from a certain Amended and Restated Employment Agreement effective as of December 30, 2008, (the "Agreement"), between he and the Debtor, and certain unreimbursed expenses incurred by Kalush in relation to a pending bankruptcy proceeding in France of Debtor's subsidiary, Interphases SAS. As identified in the Claim, the amount purportedly due Kalush is attributable to the following:

| **SEVERANCE OBLIGATIONS UNDER AGREEMENT** | **AMOUNT** |
|---|---|
| (a) Section 11 b (ii) – Three (3) years base salary at $325,000 per year (the "Severance") | $975,000.00 |
| (b) Section 11 b (ii) – Eighteen (18) months Health Insurance Coverage (through COBRA if available) - calculation based on similar coverage available through Healthcare.Gov (the "COBRA Premiums") | $34,650.00 |
| (c) Section 14: Outplacement Services – at 15% of executive's base salary of $325,000 (the "Outplacement Reimbursement") | $48,750.00 |
| Unreimbursed copying charges in October 2015 | $143.36 |
| Total Claim Amount: | $1,058,543.36 |

8. On February 28, 2017, Trustee filed his *Trustee's Objection to Proof of Claim of Gregory B. Kalush, Proof of Claim No. 14* [Doc. No. 147], which was subsequently amended on March 1, 2017 [Doc. No. 148], objecting to the Claim on the basis that (i) the amount set forth therein exceeds the damage cap provided to claims arising under an employment contract under Section 502(b)(7) of the Bankruptcy Code, (ii) the Claim contains insufficient documentation supporting certain of the damages claimed, (iii) there is no basis for that part of the Claim attributable to the Outplacement Reimbursement, and (iv) the estate is entitled to setoff of any compensation received by Kalush since his termination from the Debtor.

### III. SETTLEMENT

9. Trustee has reached a settlement with Kalush resolving all issues, claims and disputes that exist or may exist surrounding the Claim. Under this settlement, Kalush will have an allowed general unsecured claim in the sum of $375,183.36 (the "Allowed Claim Amount"). The Claim shall be disallowed to the extent it exceeds the Allowed Claim Amount.

10. Upon entry of an order approving this settlement, Trustee will submit an agreed order resolving the Claim Objection in a form substantially similar to Exhibit "A" attached.

## IV. REQUESTED RELIEF WITH SUPPORTING AUTHORITY

11. FED.R.BANKR.P. 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

12. Although no specific standards for approval of a compromise and settlement are outlined in either the Bankruptcy Code or the Bankruptcy Rules, guidelines for trial courts in reviewing compromises and settlements in the context of a bankruptcy proceeding were established by the United States Supreme Court in *Protective Committee for Independent Stockholders of TNT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968). The Supreme Court found that in evaluating the benefits a compromise and settlement will have for a bankruptcy estate, trial courts must apply several factors. These factors include: (i) the complexity and expense of the potential litigation; (ii) the delay to the administrator of the estate associated with fully litigating the contested issues; (iii) the probability of success in complete resolution of the issues in dispute; and (iv) the final outcome and the best interest of creditors test. The Fifth Circuit has adopted these same criteria in its decision in *American Can Co. v. Herpel (In re Jackson Brewing Company),* 624 F.2d 605, 607 (5th Cir. 1980). *See also, United States v. Aweco, Inc. (In re Aweco,* Inc.), 725 F.2d 293 (5th Cir. 1984) (court may approve a compromise or settlement only when it is "fair and equitable").

13. It is the business judgment of the Trustee that the settlement set forth above meets the criteria for approval under the Fifth Circuit's decisions in *Jackson Brewing* and *Aweco,* and FED.R.BANKR.P. 9019. First, the settlement will alleviate the estate's cost of litigating issues surrounding the Claim Objection and the terms of the Employment Agreement. Second, the settlement will eliminate any delay in the administration of this case. Absent the settlement, the risk exists that prolonged litigation of the Claim would substantially delay distributions to creditors and final administration of the estate. Third, given the Agreement's terms and the circumstances

surrounding Kalush's termination there remains uncertainty surrounding the success of litigating the matter to completion. The settlement provides certainty for creditors in this regard. In light of the finality the settlement provides, and the avoidance of delay and litigation cost to the estate, Trustee believes the proposed settlement is in the best interest of creditors and the Debtor's bankruptcy estate.

14. Consequently, the Trustee requests that the Court approve the settlement as set forth above.

## V. PRAYER

WHEREFORE, the Trustee respectfully requests that upon notice to all creditors and parties in interest, the Court (i) approve the settlement as outlined herein in all respects; (ii) authorize the Trustee to take all reasonable and necessary actions that are, in the opinion of Trustee, necessary to effectuate the settlement; and (iii) grant the Trustee such other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
THE LAW OFFICE OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-4903 Phone
mark@weisbartlaw.net

COUNSEL FOR CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served on the attached mailing matrix either through the Court's electronic notification system as permitted by Appendix 5005 III. E. To the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid on this the 29th day of March 2017.

/s/ Mark A. Weisbart
Mark A. Weisbart

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>INTERPHASE CORPORATION<br><br>Debtor | Case No. 15-41732<br>Chapter 7 |

### AGREED ORDER ON TRUSTEE'S AMENDED OBJECTION TO THE CLAIM OF GREGORY B. KALUSH, PROOF OF CLAIM NO. 14

Mark A. Weisbart, Chapter 7 Trustee for the bankruptcy estate of Interphase Corporation ("Trustee"), and Gregory B. Kalush ("Claimant") having settled the *Amended Objection to Claim No. 14 of Gregory B. Kalush* filed by the Trustee on March 1, 2017 [Doc. No. 148] (the "Objection"), as approved by the Court by that certain *Order Approving Motion to Approve Compromise and Settlement with Gregory B. Kalush* [Doc. No. __] (the "Settlement Order"), and pursuant to such settlement, it is hereby

ORDERED that the proof of claim filed by Gregory B. Kalush designated as Claim No. 14 on the Claims Register (the "Claim") shall be and is hereby allowed as a general unsecured claim in the amount of $375,183.36 (the "Allowed Claim Amount") pursuant to 11 U.S.C. § 502(b)(7); it is further

ORDERED that to the extent the Claim exceeds the Allowed Claim Amount, the Claim shall be and is hereby disallowed.

IT IS SO ORDERED.

AGREED AS TO
FORM AND SUBSTANCE:

_____
Mark A. Weisbart
Texas Bar No. 21102650
THE LAW OFFICE OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-4903 Phone
weisbartm@earthlink.net  Mark@weisbartlaw.net

COUNSEL FOR CHAPTER 7 TRUSTEE


_____
Gregory B. Kalush
2402 Danbury Drive
Colleyville, TX 76034

CLAIMANT

```
Label Matrix for local noticing          Alcatel-Lucent International          Anydata Corporation
0540-4                                   William Hagerman                      5 Oldfield
Case 15-41732                            1960 Lucent Lane                      Irvine, CA 92618-2840
Eastern District of Texas                Napeville, IL 60563-1594
Sherman
Wed Mar 29 11:29:54 CDT 2017

Arrow Electronics Inc.                   Avnet, Inc.                           B.E. Capital Management Fund LP
c/o NAC Risk Recovery                    5400 Prairie Stone Pkwy               205 East 42nd Street, 14th Floor
9201 E. Dry Creek Road                   Hoffman Estates, IL 60192-3721        New York, NY 10017-5706
Englewood, Co 80112-2818


Evan R. Baker                            Bankruptcy Section MS A340            CBT Technology Inc.
1601 Elm Street                          Franchise Tax Board                   Atrenne Computing Solutions
Suite 3000                               P O Box 2952                          10 Mupac Drive
Dallas, TX 75201-4757                    Sacramento, CA  95812-2952            Brockton, MS 02301-5548


Shawn M. Christianson                    City of Carrollton                    Comptroller of Public Accounts
55 Second St., 17th Fl.                  c/o Laurie Spindler Huffman           c/o Office of the Attorney General
San Francisco, CA 94105-3491             Linebarger Goggan Blair & Sampson, LLP Bankruptcy - Collections Division MC-008
                                         2777 N Stemmons Freeway Suite 1000    PO Box 12548
                                         Dallas, TX 75207-2328                 Austin TX  78711-2548
                                                                               ( 78711-2548

Computershare Trust Co. Inc.             Denton County                         Department Of Health and Human Services
100 University Ave, 8th Fl.              c/o Lee Gordon                        Jeffrey Grant
Toroonto, ON Msj241                      P.O. Box 1269                         7500 Security Blvd, Mail Stop WV-22-75
                                         Round Rock, Texas 78680-1269          Baltimore, MD 21244-1849


Digi-Key Corporation                     Ernst And Young Societe D'Avocoats    FedEx TechConnect, Inc.
PO Box 677                               Tour First-TSA 14444                  Attn: Revenue Recovery/Bankruptcy
Thief River Falls, MN 56701-0677         Paris-La Defense, FR 92037            3965 Airways Blvd. Module G.,3rd Floor
                                                                               Memphis,TN 38116-5017


Finnish Tax Administration               Future Electronics                    GECITS - Bankruptcy
Collection and Recovery Unit of          c/o Diane Svendsen                    P O Box 13708
Southern Finland                         41 Main St.                           Macon, GA 31208-3708
P.O. Box 6002                            Bolton, MA 01740-1134
FI-0052-Vero Finland


GENBAND US LLC AND ITS SUBSIDIARIES      (p)MICHAEL REED OR LEE GORDON         Gregory B. Kalush
c/o Caroline R. Penninck, Esq.           PO BOX 1269                           2402 Danbury Dr.
3208 Fannin Lane                         ROUND ROCK TX 78680-1269              Colleyville, TX 76034-5424
Grapevine, Texas 76092
Email: cpenninck@gchub.com
Phone 76092-3328

Illinois Secretary of State              Internal Revenue Service              Interphase Corporation
Dept of Business Services                P.O. Box 7346                         4240 International Pkwy
350 Howlett Building                     Philadelphia, PA 19101-7346           Suite 105
Springfield, IL 62756-0001                                                     Carrollton, TX 75007-1985


James C. Poole, Jr.                      Jennifer J. Kosharek                  John J. Kane
8136 Westlakes Place                     658 Point Loma Dr.                    Kane Russell Coleman & Logan PC
Montgomery, AL 36117-5156                Frisco, TX 75034-8892                 1601 Elm St. Suite 3700
                                                                               Dallas, TX 75201-7207
```

| | | |
|---|---|---|
| Level 3 Communications(Legal Dept. Bky)<br>1025 Eldorado Blvd<br>Broomfield Co 80021-8869 | Marlin Business Bank<br>300 Fellowship Rd.<br>Mt. Laurel, NJ 08054-1201 | Massachusetts Department of Revenue<br>Bankruptcy Unit<br>P. O. Box 9564<br>Boston, MA 02114-9564 |
| Holland Neff O'Neil<br>Gardere Wynne Sewell LLP<br>2021 McKinney Avenue<br>Suite 1600<br>Dallas, TX 75201-4761 | Caroline Penninck<br>1445 Ross Avenue, Suite 3700<br>Dallas, TX 75202-2755 | Rimini Street, Inc.<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA 94566-3127 |
| SAP America, Inc.<br>Brown & Connery, LLP<br>6N. Broad Street<br>c/o Donald Ludman, Esq<br>Woodbury, NJ 08096-4635 | George C. Scherer<br>Law Office of Robert Luna, PC<br>4411 N. Central Expy.<br>Dallas, TX 75205-4210 | Laurie A. Spindler<br>Linebarger, Goggan, Blair & Sampson<br>2777 N. Stemmons Frwy Ste 1000<br>Dallas, TX 75207-2328 |
| State Of California<br>Bankruptcy Section MS A340<br>Franchise Tax Board<br>PO Box 2952<br>Sacramento, CA 95812-2952 | State of Florida - Department of Revenue<br>Post Office Box 6668<br>Tallahassee, FL 32314-6668 | TTI, Inc.<br>2441 Northeast Parkway<br>Fort Worth, TX 76106-1816 |
| US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | Uusimaa ELY Centre<br>P.O. Box 54<br>Fl-00521 Helsinki Finland | VL Capital Management LLC<br>319 West 101st Street, Apartment 5<br>New York, NY 10025-8486 |
| Washington State Department<br>Of Labor & Industries<br>PO Box 44171<br>Olympia, WA 98504-4171 | Mark A. Weisbart<br>The Law Office of Mark A. Weisbart<br>12770 Coit Road, Suite 541<br>Dallas, TX 75251-1366 | Yoram Solomon<br>2700 Big Creek Ct.<br>Plano, TX 75093-3362 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Lee Gordon
McCreary Veselka Bragg & Allen, PC
PO Box 1269
Round Rock, TX 78665

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Mark A. Weisbart<br>The Law Office of Mark A. Weisbart<br>12770 Coit Road, Suite 541<br>Dallas, TX 75251-1366 | (d)Mark A. Weisbart<br>The Law Office of Mark A. Weisbart<br>12770 Coit Road, Suite 541<br>Dallas, TX 75251-1366 | End of Label Matrix<br>Mailable recipients    47<br>Bypassed recipients     2<br>Total                  49 |