## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>INTERPHASE CORPORATION<br><br><div align="right">Debtor</div> | Case No. 15-41732<br>Chapter 7 |

## MOTION TO APPROVE COMPROMISE AND
## SETTLEMENT WITH ANYDATA CORPORATION

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

Mark A. Weisbart, the Chapter 7 Trustee ("Trustee") in the above-referenced bankruptcy case, files this Motion to Approve Compromise and Settlement with AnyDATA Corporation, pursuant to FED.R.BANKR.P. 9019, seeking approval of a compromise and settlement agreement between the bankruptcy estate and AnyDATA Corporation ("AnyDATA"). In support hereof he would respectfully show the Court as follows:

### I. JURISDICTION

1.      This Court has jurisdiction to consider the motion under 28 U.S.C. §§ 157 and 1334. This matter involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this motion is authorized pursuant to FED.R.BANKR.P. 9019.

### II. PROCEDURAL AND FACTUAL BACKGROUND

2.      On September 30, 2015 (the "Petition Date"), Interphase Corporation (the "Debtor" or "Interphase") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code

(the "Bankruptcy Code") commencing the above-referenced bankruptcy case.

3.     Mark A. Weisbart was thereafter appointed the interim Chapter 7 Trustee, and has continued in the capacity as trustee since the meeting of creditors.

4.     Prior to commencing this bankruptcy case, Interphase operated as an information and communications technology company providing embedded computing solutions, engineering design services, and contract manufacturing services in North America, the Pacific Rim and Europe.  A part of its business included the manufacture and sale of networking products (the "Products").

5.     In January 2013 Interphase and AnyDATA entered pursuant to a certain Supplier Purchase Agreement dated January 4, 2013 (the "Contract") under which AnyDATA agreed to sell, supply and deliver to Interphase certain modules at various specific intervals in the future. Thereafter, in June 2013, Interphase and AnyDATA entered a certain Addendum 1 to Supplier Purchase Agreement dated June 27, 2013 (the "Addendum"), as a supplement to the Contract. Through the Addendum, Interphase agreed to purchase, and AnyDATA agreed to sell and deliver to Interphase, certain parts described therein as end of life parts.

6.     Pursuant to Contract and Addendum, Interphase paid to AnyDATA approximately $398,000 and $289,000 respectively, for which AnyDATA delivered a portion of the equipment.

7.     Prior to the Petition Date disputes arose between Interphase and AnyDATA in connection with the Contract and Addendum, and Interphase requested a refund of $209,664.40 (the "Refund Amount").

8.     During the course of the Case, AnyDATA filed a proof of claim in the Case asserting a general unsecured claim in the amount of $79,335.60 (the "POC") for a purported balance due for the delivery of certain modules in August 2013.

9.     On or about February 28, 2017, Trustee filed his  Complaint Objecting to Proof of

Claim, for Turnover and Damages (the "Complaint") styled *Mark A. Weisbart, Trustee v. AnyDATA Corporation* (the "Adversary") seeking (i) disallowance of the Claim on the basis that such claim is not valid under the Contract, and (ii) turnover or, alternatively, damages for AnyDATA's breach of the Contract, for which the estate is entitled to a judgment against AnyDATA for $209,664.40 under 11 U.S.C. § 542 and applicable state law (the "Claims").

10.     The Trustee served the Complaint and summons on AnyDATA, which failed to either respond or otherwise answer.

11.     On June 27, 2017, the Court entered its Default Judgment on June 27, 2017, sustaining Plaintiff's objection to the POC and awarding judgment against AnyDATA in the sum of $209,664.40 pursuant to 11 U.S.C. § 542, along with pre- and post-petition interest (the "Judgment").

12.     On August 4, 2017, AnyDATA filed a motion seeking relief from the Judgment, pursuant to FED.R.CIV.P. 55(c) and 60(b)(1) (the "Motion"), on the basis that it and its registered moved locations and did not receive notice of the Complaint until after the Judgment's entry and that it held a meritorious defense to the Claims. The Trustee responded to and contested AnyDATA's request to vacate the Judgment.

### III. SETTLEMENT

13.     Trustee has reached a settlement with AnyDATA which resolves all issues, claims and disputes that exist or may exist surrounding the Contract, Addendum, Refund Amount, Complaint, Adversary, Claims, POC and Judgment.

14.     The terms of this settlement are more fully set forth in that certain Compromise and Settlement Agreement attached hereto as Exhibit "1" (the "Agreement").  The general terms and conditions of the Agreement are as follows:

(i)     Trustee shall agree to a vacatur of the Judgment;

(ii)     AnyDATA shall withdraw the POC within fourteen (14) days of a final non-appealable order approving this Agreement; and

(iii)    Trustee and AnyDATA shall provide mutual releases in relation to the Contract, Addendum, Refund Amount, Complaint, Adversary, Motion, Claims, POC and Judgment as set forth in the Agreement.

## IV. REQUESTED RELIEF WITH SUPPORTING AUTHORITY

15.     FED.R.BANKR.P. 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

16.     Although no specific standards for approval of a compromise and settlement are outlined in either the Bankruptcy Code or the Bankruptcy Rules, guidelines for trial courts in reviewing compromises and settlements in the context of a bankruptcy proceeding were established by the United States Supreme Court in *Protective Committee for Independent Stockholders of TNT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968).  The Supreme Court found that in evaluating the benefits a compromise and settlement will have for a bankruptcy estate, trial courts must apply several factors. These factors include: (i) the complexity and expense of the potential litigation; (ii) the delay to the administrator of the estate associated with fully litigating the contested issues; (iii) the probability of success in complete resolution of the issues in dispute; and (iv) the final outcome and the best interest of creditors test. The Fifth Circuit has adopted these same criteria in its decision in *American Can Co. v. Herpel (In re Jackson Brewing Company),* 624 F.2d 605, 607 (5th Cir. 1980). *See also, United States v. Aweco, Inc. (In re Aweco,* Inc.), 725 F.2d 293 (5th Cir. 1984) (court may approve a compromise or settlement only when it is "fair and equitable").

17.     It is the business judgment of the Trustee that the settlement set forth above meets the criteria for approval under the Fifth Circuit's decisions in *Jackson Brewing* and *Aweco,* and FED.R.BANKR.P. 9019.  First, the settlement will alleviate costs with regard to litigation over the

Motion and the underlying merits of the Claims should AnyDATA succeed on the Motion. Second, the proposed settlement will alleviate the delay in any such litigation. Given the remaining assets of the estate Trustee believes that disputing the outstanding Earn-Out would substantially delay distributions to creditors and final administration of the estate. Third, given AnyDATA's claimed defenses, there is uncertainty surrounding the estate's probability of success on the Claims. The proposed settlement provides certainty for creditors in this regard. In light of the finality the settlement provides, and the avoidance of delay and litigation cost to the estate, Trustee believes the proposed settlement is in the best interest of creditors and the Debtor's bankruptcy estate.

18.    Consequently, the Trustee requests that the Court approve the settlement as set forth above.

## V. PRAYER

WHEREFORE, the Trustee respectfully requests that upon notice to all creditors and parties in interest, the Court (i) approve the settlement as outlined herein in all respects; (ii) authorize the Trustee to take all reasonable and necessary actions that are, in the opinion of Trustee, necessary to effectuate the settlement; and (iii) grant the Trustee such other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
THE LAW OFFICE OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-4903 Phone
mark @weisbartlaw.net

COUNSEL FOR CHAPTER 7 TRUSTEE

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a copy of the foregoing instrument was served on the attached mailing list either through the Court's electronic notification system as permitted by Appendix 5005 III. E. To the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid on this the 6th day of October 2017.

       /s/ Mark A. Weisbart
       Mark A. Weisbart

## COMPROMISE AND SETTLEMENT AGREEMENT

This Compromise and Settlement Agreement (the "Agreement") is made and entered into this 4th day of October 2017, by and between, Mark A. Weisbart, in his capacity as Chapter 7 Trustee for the bankruptcy estate of Interphase Corporation ("Trustee") and AnyDATA Corporation, a Delaware corporation ("AnyDATA") (Trustee and AnyDATA are hereinafter collectively referred to as, the "Parties," and each one a "Party").

WHEREAS on or about September 30, 2015 (the "Petition Date'), Interphase Corporation (the "Debtor" or "Interphase") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") commencing that certain bankruptcy case styled In re Interphase Corporation, Case No. 15-41732 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (the "Bankruptcy Court"); and

WHEREAS following the commencement of the Bankruptcy Case the Trustee was appointed as the Chapter 7 trustee for the Debtor's bankruptcy estate, and has since remained in that capacity; and

WHEREAS prior to commencing the Bankruptcy Case Interphase operated as an information and communications technology company providing embedded computing solutions, engineering design services, and contract manufacturing services in North America, the Pacific Rim and Europe. A part of its business included the manufacture and sale of networking products (the "Products"); and

WHEREAS in January 2013, Interphase and AnyDATA entered into a certain Supplier Purchase Agreement dated January 4, 2013 (the "Contract") under which AnyDATA agreed to sell, supply and deliver to Interphase certain modules at various specific intervals in the future. Thereafter, in June 2013, Interphase and AnyDATA entered a certain Addendum 1 to Supplier Purchase Agreement dated June 27, 2013 (the "Addendum"), as a supplement to the Contract. Through the Addendum, Interphase agreed to purchase, and AnyDATA agreed to sell and deliver to Interphase, certain parts described therein as end of life parts; and

WHEREAS pursuant to Contract and Addendum, Interphase paid to AnyDATA approximately $398,000 and $289,000 respectively, for which AnyDATA delivered a portion of the equipment; and

WHEREAS prior to the Petition Date, disputes arose between Interphase and AnyDATA in connection with the Contract and Addendum, and Interphase requested a refund of $209,664.40 (the "Refund Amount"); and

WHEREAS during the course of the Case, AnyDATA filed a proof of claim in the Case asserting a general unsecured claim in the amount of $79,335.60 (the "POC") for a purported balance due for the delivery of certain modules in August 2013; and

WHEREAS on or about February 28, 2017, Trustee filed his Complaint Objecting to Proof of Claim, for Turnover and Damages (the "Complaint") styled Mark A. Weisbart, Trustee

Exhibit "1"

*v. AnyDATA Corporation* (the "<u>Adversary</u>") seeking (i) disallowance of the Claim on the basis that such claim is not valid under the Contract, and (ii) turnover or, alternatively, damages for AnyDATA's breach of the Contract, for which the estate is entitled to a judgment against AnyDATA for $209,664.40 under 11 U.S.C. § 542 and applicable state law (the "<u>Claims</u>"); and

WHERAS the Trustee served the Complaint and summons on AnyDATA, which failed to either respond or otherwise answer; and

WHEREAS on June 27, 2017, the Court entered its Default Judgment on June 27, 2017, sustaining the Trustee's objection to the Claim and awarding judgment against AnyDATA in the sum of $209, 664.40 pursuant to 11 U.S.C. § 542, along with pre- and post-petition interest (the "<u>Judgment</u>"); and

WHEREAS on August 4, 2017, AnyDATA filed a motion seeking relief from the Judgment, pursuant to FED.R.CIV.P. 55(c) and 60(b)(1) (the "<u>Motion</u>"), on the basis that it and its registered agent moved locations and did not receive notice of the Complaint until after the Judgment's entry and that it held a meritorious defense to the Claims; and

WHEREAS the Trustee responded to and contests AnyDATA's request to vacate the Judgment; and

WHEREAS the Parties seek to settle all issues, claims and disputes that exist or may exist surrounding the Contract, Addendum, Claims, Judgment, Motion and POC.

NOW, THEREFORE, to avoid further litigation of the disputed issues between them and the attendant costs appurtenant therewith, and for good, valuable and adequate consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties to this Agreement, intending to be legally and fully bound hereby, covenant, and agree as follows:

1.   **Vacatur of Judgment**.   Upon a final non-appealable order approving this Agreement, Trustee agrees to the submission by AnyDATA of an agreed order in a form acceptable to Trustee vacating the Judgment (the "<u>Order to Vacate</u>").

2.   **Dismissal of Adversary**.   Upon entry of the Order to Vacate, the Trustee agrees to the submission by AnyDATA of an agreed stipulation dismissing the Adversary in accordance with Fed.R.Civ. P. 41(a)(1)(A).

3.   **Release of POC**.   AnyDATA shall withdraw the POC within fourteen (14) days of a final non-appealable order approving this Agreement.

4.   **Release of Estate**.   Upon entry of a final non-appealable order approving this Agreement, AnyDATA, its successors and affiliates, hereby, except as to any obligations imposed by this Agreement, irrevocably and unconditionally releases, acquits, and forever discharges the Debtor and its bankruptcy estate, and Trustee and his attorneys, agents, and representatives, from any and all claims, obligations, liabilities, rights, actions and causes of actions relating to, arising from, on account of, or concerning, collectively, individually or in any combination, the Contract, the Addendum, the Refund Amount, the Claims, the Complaint, the

Adversary, the Judgment, the Motion, and the POC, whether such claims, obligations, liabilities, rights, actions and causes of actions are, in whole or in part, existing now or in the future, asserted or unasserted, known or unknown, matured or unmatured, contingent or liquidated.

5.   **Estate Release of AnyDATA**.   Upon entry of a final non-appealable order approving this Agreement and AnyDATA's withdrawal of the POC as provided in paragraph 3 above, Trustee, for and on behalf of the Debtor's bankruptcy estate, its predecessors, successors and assigns and all other persons or entities in privity with the estate, hereby, except as to any obligations imposed by this Agreement, irrevocably and unconditionally releases, acquits and forever discharges AnyDATA and its successors and affiliates, and its attorneys, agents and representatives, from any and all claims, obligations, liabilities, rights, actions and causes of actions relating to, arising from, on account of, or concerning, collectively, individually or in any combination, the Contract, the Addendum, the Refund Amount, the Claims, the Complaint, the Adversary, the Judgment, the Motion, and the POC, whether such claims, obligations, liabilities, rights, actions and causes of actions are, in whole or in part, existing now or in the future, asserted or unasserted, known or unknown, matured or unmatured, contingent or liquidated.

6.   **Condition Precedent**.   The effectiveness of this Agreement is contingent upon the Bankruptcy Court's approval of this Agreement.   In the event such approval is not obtained all of the terms, conditions and agreements contained herein shall be null and void and of no force or effect.

7.   **Notices**.   Any and all notices, payments or other communications required or permitted by this Agreement or by applicable law shall be served on or given to any Party hereto shall be given in writing and delivered via certified mail, postage prepaid courier service, via email and via facsimile at the addresses, numbers and email addresses set forth below or at such other address as it shall hereafter furnish in writing to each Party hereto:

If to Trustee:

> Mark A. Weisbart
> 12770 Coit Rd., Suite 541
> Dallas, TX 75251
> Email:   mark@weisbartlaw.net

If to AnyDATA:

> Michael Long
> 9251 Irvine Blvd
> Irvine, CA   92618
> Fax: (949) 600-9909
> Email: mikelong@anydata.com
>
> -and-

---

Compromise and Settlement Agreement                                    Page 3

Eric D. Madden
Reid Collins & Tsai LLP
1601 Elm Street, 42nd Floor
Dallas, TX 75201
Fax: (214) 420-8909
Email:   emadden@rctlegal.com

8.   **Binding Effect**.  Each Party hereby warrants, represents and agrees that this Agreement shall be binding upon them and inure to the benefit of their successors, heirs and assigns.

9.   **Advice of Counsel and Jointly Drafted**.  Each Party warrants, represents and acknowledges that (a) they have consulted with legal counsel in connection with this Agreement, (b) they have carefully read and understand the terms and provisions of this Agreement, (c) they willingly and with knowledge entered into this Agreement, (d) they have each relied upon the advice of counsel of their own choosing in entering into this Agreement and are not relying upon any representation, promise, statement, or agreement by any other Party hereto or such Party's attorneys, agents, or representatives, not expressly set forth in this Agreement, and (c) the agreements contained herein are the product of an arms-length negotiation and that this Agreement is not subject to fraud, duress or overreaching. This Agreement shall be deemed to have been jointly drafted by the Parties for the purpose of applying any rule of construction to the effect that ambiguities are to be construed against the draftsman.

10.   **Governing Law and Venue**.  This Agreement shall be construed and governed in accordance with the laws of the State of Texas.   The Parties agree that venue for any and all disputes arising under, related to, or concerning the effect, scope or interpretation of this Agreement shall be in the Bankruptcy Court, which shall have exclusive jurisdiction to resolve any such dispute or controversy.   To the extent the Bankruptcy Court determines that it does not have jurisdiction over any such dispute or controversy, the Parties agree that venue of same shall be in a court of competent jurisdiction in Collin County, Texas.

11.   **Entire Agreement**.  This Agreement and the attachments referenced herein represents the final and complete understanding and agreement between the Parties and may not be contradicted by evidence of prior or contemporaneous written or oral agreements or any subsequent oral agreements.   There are no representations, warranties, promises, covenants, or undertakings other than those expressly set forth in this Agreement, and all prior discussions, negotiations and agreements are deemed merged herewith.   THE PARTIES EXPRESSLY AGREE THAT, AS OF THE DATE HEREOF, THIS AGREEMENT SUPERCEDES ALL OTHER AGREEMENTS, WHETHER THEY ARE WRITTEN OR ORAL, BETWEEN THE PARTIES CONCERNING THE SUBJECT MATTER HEREOF.

12.   **Amendment.**  This Agreement may not be amended, modified, altered, or supplemented other than by means of a written instrument duly executed and delivered on behalf of each of the Parties.   This Agreement may be executed in multiple counterparts, all of which, taken together, shall constitute one and the same Agreement.

---

13. **Authority and Capacity**. This Agreement is freely and voluntarily entered into by and between each Party. Each Party represents and warrants to the other that (i) the person executing this Agreement for and on its behalf has the full and complete authorization and power to execute Agreement in the capacity stated, (ii) this Agreement constitutes a valid, binding and enforceable obligation, and (iii) the Agreement does not violate any law, rule, regulation, contract, agreement or court order.

14. **No Assignment of Claims**. It is further understood and agreed that each Party warrants and represents that they are the owners of, and have not assigned, transferred or otherwise encumbered, any and all rights, claims, action, or causes of action of any kind which they have, have ever had, or may claim to have against the other Party including without limitation the rights, claims, action, and causes of action each Party is releasing herein.

15. **Additional Documents**. The Parties shall upon the request of the other Party execute and deliver such additional documents as may be reasonably necessary to effectuate the terms contained in or contemplated by this Agreement. If all the related documents are not completed and attached to this Agreement as of the Closing, the Parties shall cooperate, and jointly work to prepare such documents which comport with this Agreement. The Parties shall present any disputes concerning the terms of these documents to the Bankruptcy Court.

16. **Costs**. Each Party shall be solely responsible for any and all costs and expenses incurred by that Party, including attorney's fees, expenses and expert fees, in connection with this Agreement and the Bankruptcy Case.

17. **No Admission**. It is understood and agreed that this Agreement is given in connection with the compromise and settlement of disputed claims and that any payment or exchange of consideration between the Parties in connection herewith shall not be construed as an admission of liability or wrongdoing by any Party.

18. **Counterparts**. This Agreement may be executed in multiple parts, each of which will be deemed an original and all of which, even if delivered by facsimile or electronically, shall constitute one and the same instrument.

AGREED to by the undersigned on the date set forth above.

ANYDATA CORPORATION

By: _____
Name: Michael Long
Title:  CEO

---

Compromise and Settlement Agreement                                   Page 5

**BANKRUPTCY ESTATE OF**
**INTERPHASE CORPORATION**


By: _____
Name: Mark A. Weisbart
Title:   Chapter 7 Trustee

Label Matrix for local noticing
0540-4
Case 15-41732
Eastern District of Texas
Sherman
Fri Oct  6 11:06:06 CDT 2017

Alcatel-Lucent International
William Hagerman
1960 Lucent Lane
Napeville, IL 60563-1594

Anydata Corporation
5 Oldfield
Irvine, CA 92618-2840

Arrow Electronics Inc.
c/o NAC Risk Recovery
9201 E. Dry Creek Road
Englewood, Co 80112-2818

Avnet, Inc.
5400 Prairie Stone Pkwy
Hoffman Estates, IL 60192-3721

B.E. Capital Management Fund LP
228 Park Avenue S #63787
New York, NY 10003-1502

Evan R. Baker
1601 Elm Street
Suite 3000
Dallas, TX 75201-4757

Bankruptcy Section MS A340
Franchise Tax Board
P O Box 2952
Sacramento, CA  95812-2952

CBT Technology Inc.
Atrenne Computing Solutions
10 Mupac Drive
Brockton, MS 02301-5548

Shawn M. Christianson
55 Second St., 17th Fl.
San Francisco, CA 94105-3491

City of Carrollton
c/o Laurie Spindler Huffman
Linebarger Goggan Blair & Sampson, LLP
2777 N Stemmons Freeway Suite 1000
Dallas, TX 75207-2328

Comptroller of Public Accounts
c/o Office of the Attorney General
Bankruptcy - Collections Division MC-008
PO Box 12548
Austin TX  78711-2548
( 78711-2548

Computershare Trust Co. Inc.
100 University Ave, 8th Fl.
Toroonto, ON Msj241

Denton County
c/o Lee Gordon
P.O. Box 1269
Round Rock, Texas 78680-1269

Department Of Health and Human Services
Jeffrey Grant
7500 Security Blvd, Mail Stop WV-22-75
Baltimore, MD 21244-1849

Digi-Key Corporation
PO Box 677
Thief River Falls, MN 56701-0677

Ernst And Young Societe D'Avocoats
Tour First-TSA 14444
Paris-La Defense, FR 92037

FedEx TechConnect, Inc.
Attn: Revenue Recovery/Bankruptcy
3965 Airways Blvd. Module G.,3rd Floor
Memphis,TN 38116-5017

Finnish Tax Administration
Collection and Recovery Unit of
Southern Finland
P.O. Box 6002
FI-0052-Vero Finland

Future Electronics
c/o Diane Svendsen
41 Main St.
Bolton, MA 01740-1134

GECITS - Bankruptcy
P O Box 13708
Macon, GA 31208-3708

GENBAND US LLC AND ITS SUBSIDIARIES
c/o Caroline R. Penninck, Esq.
3208 Fannin Lane
Grapevine, Texas 76092
Email: cpenninck@gchub.com
Phone 76092-3328

(p)MICHAEL REED OR LEE GORDON
PO BOX 1269
ROUND ROCK TX 78680-1269

Gregory B. Kalush
2402 Danbury Dr.
Colleyville, TX 76034-5424

Illinois Secretary of State
Dept of Business Services
350 Howlett Building
Springfield, IL 62756-0001

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Interphase Corporation
4240 International Pkwy
Suite 105
Carrollton, TX 75007-1985

James C. Poole, Jr.
8136 Westlakes Place
Montgomery, AL 36117-5156

Jennifer J. Kosharek
658 Point Loma Dr.
Frisco, TX 75034-8892

John J. Kane
Kane Russell Coleman & Logan PC
1601 Elm St. Suite 3700
Dallas, TX 75201-7207

Level 3 Communications(Legal Dept. Bky)
1025 Eldorado Blvd
Broomfield Co 80021-8869

Marlin Business Bank
300 Fellowship Rd.
Mt. Laurel, NJ 08054-1201

Massachusetts Department of Revenue
Bankruptcy Unit
P. O. Box 9564
Boston, MA 02114-9564


Holland Neff O'Neil
Gardere Wynne Sewell LLP
2021 McKinney Avenue
Suite 1600
Dallas, TX 75201-4761

Caroline Penninck
1445 Ross Avenue, Suite 3700
Dallas, TX 75202-2755

Rimini Street, Inc.
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566-3127


SAP America, Inc.
Brown & Connery, LLP
6N. Broad Street
c/o Donald Ludman, Esq
Woodbury, NJ 08096-4635

George C. Scherer
Law Office of Robert Luna, PC
4411 N. Central Expy.
Dallas, TX 75205-4210

Laurie A. Spindler
Linebarger, Goggan, Blair & Sampson
2777 N. Stemmons Frwy Ste 1000
Dallas, TX 75207-2328


State Of California
Bankruptcy Section MS A340
Franchise Tax Board
PO Box 2952
Sacramento, CA 95812-2952

State of Florida - Department of Revenue
Post Office Box 6668
Tallahassee, FL 32314-6668

TTI, Inc.
2441 Northeast Parkway
Fort Worth, TX 76106-1816


US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

Uusimaa ELY Centre
P.O. Box 54
Fl-00521 Helsinki Finland

VL Capital Management LLC
319 West 101st Street, Apartment 5
New York, NY 10025-8486


Washington State Department
Of Labor & Industries
PO Box 44171
Olympia, WA 98504-4171

Mark A. Weisbart
The Law Office of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251-1366

Yoram Solomon
2700 Big Creek Ct.
Plano, TX 75093-3362


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Lee Gordon
McCreary Veselka Bragg & Allen, PC
PO Box 1269
Round Rock, TX 78665


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Mark A. Weisbart
The Law Office of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251-1366

(d)Mark A. Weisbart
The Law Office of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251-1366

End of Label Matrix
Mailable recipients       47
Bypassed recipients        2
Total                     49