**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| IN RE:<br><br>INTERPHASE CORPORATION<br><br>Debtor | Case No. 15-41732<br>Chapter 7 |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN
ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE
DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

Mark A. Weisbart, Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of the above captioned debtor (the "Debtor"), requests the entry of an order approving the sale of certain assets of the Debtor's Estate to Oak Point Partners, Inc. ("Oak Point") free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and related relief (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a) and 363 of Title 11 of Chapter 11 of the United States Code (the "Bankruptcy Code"), as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On September 30, 2015, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and shortly thereafter, the Trustee was appointed as the Chapter 7 trustee for the Debtor's Estate.

4. Since being appointed, the Trustee has administered the Debtor's Estate for the benefit of its creditors in accordance with his power and duties. The Trustee is now in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

5. The Trustee has determined that there may exist property of the Debtor's Estate, consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets"). The Trustee has determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

6. The Trustee and Oak Point have negotiated an agreement (the "Purchase Agreement") for the sale of the Remnant Assets. A copy of the Purchase Agreement is appended hereto as Exhibit "A".

## REQUESTED RELIEF

7. By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement.

8. The Purchase Agreement generally provides for an aggregate purchase price of $40,000.00 (the "Purchase Price") to be paid by Oak Point to the Trustee for the benefit of the

Debtor's Estate.

9. In accordance with the Purchase Agreement, the Remnant Assets do not include (i) cash held by the Trustee in his trust account; and (ii) the Purchase Price for the Remnant Assets.

10. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets, and represents the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefits of retaining the Remnant Assets. Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

## BIDDING PROCEDURES

11. A deadline (the "Response Deadline") by which objections or responses to this Motion must be filed with the Court is set forth in the opening paragraph of this Motion (the "Notice").

12. While the Trustee is prepared to consummate the sale of the Remnant Assets to Oak Point pursuant to the terms set forth herein and in the Purchase Agreement, in the event a party other than Oak Point (each, an "Interested Bidder") wishes to purchase the Remnant Assets, the Trustee requests that the Court approve the following overbid procedures (collectively, the "Bidding Procedures"):

   a. Each Interested Bidder who wants to participate in the overbid process must notify the Trustee of its intention to do so in accordance with the Notice on or before the Response Deadline;

   b. each initial overbid for the Remnant Assets must be at least $5,000.00;

   c. each Interested Bidder must submit a cashier's check to the Trustee in the amount of such Interested Bidder's initial overbid; and

   d. in the event a party other than Oak Point is deemed the winning bidder with respect to the Remnant Assets, such other party shall be required to purchase the Remnant

Assets under the same terms and conditions as set forth in the Purchase Agreement.

13. The Trustee believes that the private sale of the Remnant Assets in accordance with the terms of the Purchase Agreement and these Bidding Procedures, and as otherwise provided herein, serves the best interests of the Debtor's Estate, creditors and other stakeholders, as the sale will allow the Trustee to realize additional funds for the benefit of the Estate. Accordingly, the sale to Oak Point should be approved as requested.

## AUTHORITY FOR REQUESTED RELIEF

14. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

15. To approve use, sale or lease of property outside the ordinary course of business, the Court must find that such sale is supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Abbotts Dairies of Pa. Inc.*, 788 F. 2d 143 (3d Cir. 1986) (requiring good faith purchasing); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D.Del. 1991) (holding that transactions should be approved under Section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D.Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that

the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

16. A trustee's showing of sound business judgment, in turn, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992).

17. The Trustee submits that the sale of the Remnant Assets pursuant to the Purchase Agreement and the Bidding Procedures presented above represents a prudent and proper exercise of business judgment, and is in the best interest of creditors of the Debtor's Estate. Specifically, the Purchase Agreement was negotiated at arm's length and in good faith, and the Trustee believes that the Purchase Price is reasonable and represents fair value. Moreover, a private sale is appropriate because any costs associated with an auction of the Remnant Assets would likely exceed the Purchase Price and, in turn, any benefit to the Estate.

18. Moreover, based on the foregoing, Oak Point should be deemed a good faith purchaser. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d at 147; *See also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); and *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

19. Additionally, section 363(f) of the Bankruptcy Code permits a trustee to sell assets

free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, if subject to the rights and defenses of a debtor with respect thereto:

 a. Applicable nonbankruptcy law permits sale of such property free and clear of such interest;

 b. Such entity consents;

 c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

 d. Such interest is in bona fide dispute; or

 e. Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). As Section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to Section 363(b), it is only necessary to meet one of the five conditions of Section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

20. Finally, the Trustee's proposed Bidding Procedures are appropriate and should be approved by the Court. Courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit bids that exceed the existing bid by a specified amount. See, e.g., *In re Financial News Network Inc.*, 931 F.2d 217 (2d Cir. 1991). Oak Point has expended, and will continue to expend, considerable time, money, and energy evaluating the purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's length negotiations with the Trustee.

21. As set forth herein, the Trustee submits that the sale of the Remnant Assets is a prudent exercise of its business judgment under the circumstances, and is in the best interest of the Debtor's Estate and creditors. Indeed, the Trustee is not aware of any future assets or claims

that may be liquidated, obtained or otherwise administered, and absent the sale to Oak Point, the Debtor's Estate would not realize any benefits on account of the Remnant Assets. Finally, the Purchase Price for the sale is reasonable and has been negotiated at arm's length. Therefore, the Trustee respectfully requests that the Court grant the Motion.

## WAIVER OF STAY OF ORDER

22. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Remnant Assets.

## NOTICE

23. Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, and all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
THE LAW OFFICE OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-4903 Phone
mark@weisbartlaw.net

COUNSEL FOR CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served on the parties on the attached mailing list either through the Court's electronic notification system as permitted by Appendix 5005 III. E. to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid on this the 26th day of October, 2017.

/s/ Mark A. Weisbart
Mark A. Weisbart

## ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT (this "Agreement"), dated as of October 26, 2017, is by and between **MARK A. WEISBART, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") **of the INTERPHASE CORPORATION** ("Debtor") **BANKRUPTCY ESTATE** ("Estate") and **OAK POINT PARTNERS, INC.** ("Purchaser").

### WITNESSETH:

**WHEREAS**, on September 30, 2015 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division ("Court"), assigned Case No. 15-41732 ("Case"); and

**WHEREAS**, shortly after the Petition Date, the Trustee was appointed as chapter 7 trustee of the Debtor's Estate; and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there may be property of the Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

**WHEREAS**, Remnant Assets specifically **exclude**: (a) cash held at the time of this Agreement by the Debtor or Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees; and (b) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS**, subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Forty Thousand and No/100 Dollars ($40,000.00) payable within 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Court approving this Agreement (the "Approval Order").

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** Subject to Court approval, the sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

4. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below.

1

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller, pursuant to the Approval Order, has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's rights, title and interests, if any, to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6. **Free and Clear Sale.** The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

7. **No Assumption of Liabilities.** The parties agree that Purchaser is acquiring only the Remnant Assets and that Purchaser is neither acquiring nor assuming any liabilities of the Seller under this Agreement, except as may otherwise expressly be provided herein.

8. **Documents of Assignment.** From time to time upon request from Purchaser, but in no event following closure of the Case, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Texas, without giving effect to choice of law principles of the State of Texas.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**[remainder intentionally left blank; signature page follows]**

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**OAK POINT PARTNERS, INC.**

By: _____
Name:  ERIC LINN
Its: President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 965, Skokie, IL 60077
tel (847) 577-1269      fax (847) 655-2746

**INTERPHASE CORPORATION BANKRUPTCY ESTATE**

By: _____
Name: MARK A. WEISBART
Its: Chapter 7 Trustee

Address: c/o The Law Office of Mark A. Weisbart, 12770 Coit Rd., Ste 541, Dallas, TX 75251
tel (972) 628-4903

3

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-4<br>Case 15-41732<br>Eastern District of Texas<br>Sherman<br>Thu Oct 26 15:31:29 CDT 2017 | Alcatel-Lucent International<br>William Hagerman<br>1960 Lucent Lane<br>Napeville, IL 60563-1594 | Anydata Corporation<br>5 Oldfield<br>Irvine, CA 92618-2840 |
| Arrow Electronics Inc.<br>c/o NAC Risk Recovery<br>9201 E. Dry Creek Road<br>Englewood, Co 80112-2818 | Avnet, Inc.<br>5400 Prairie Stone Pkwy<br>Hoffman Estates, IL 60192-3721 | B.E. Capital Management Fund LP<br>228 Park Avenue S #63787<br>New York, NY 10003-1502 |
| Evan R. Baker<br>1601 Elm Street<br>Suite 3000<br>Dallas, TX 75201-4757 | Bankruptcy Section MS A340<br>Franchise Tax Board<br>P O Box 2952<br>Sacramento, CA 95812-2952 | CBT Technology Inc.<br>Atrenne Computing Solutions<br>10 Mupac Drive<br>Brockton, MS 02301-5548 |
| Shawn M. Christianson<br>55 Second St., 17th Fl.<br>San Francisco, CA 94105-3491 | City of Carrollton<br>c/o Laurie Spindler Huffman<br>Linebarger Goggan Blair & Sampson, LLP<br>2777 N Stemmons Freeway Suite 1000<br>Dallas, TX 75207-2328 | Comptroller of Public Accounts<br>c/o Office of the Attorney General<br>Bankruptcy - Collections Division MC-008<br>PO Box 12548<br>Austin TX  78711-2548<br>( 78711-2548 |
| Computershare Trust Co. Inc.<br>100 University Ave, 8th Fl.<br>Toroonto, ON Msj241 | Denton County<br>c/o Lee Gordon<br>P.O. Box 1269<br>Round Rock, Texas 78680-1269 | Department Of Health and Human Services<br>Jeffrey Grant<br>7500 Security Blvd, Mail Stop WV-22-75<br>Baltimore, MD 21244-1849 |
| Digi-Key Corporation<br>PO Box 677<br>Thief River Falls, MN 56701-0677 | Ernst And Young Societe D'Avocoats<br>Tour First-TSA 14444<br>Paris-La Defense, FR 92037 | FedEx TechConnect, Inc.<br>Attn: Revenue Recovery/Bankruptcy<br>3965 Airways Blvd. Module G.,3rd Floor<br>Memphis,TN 38116-5017 |
| Finnish Tax Administration<br>Collection and Recovery Unit of<br>Southern Finland<br>P.O. Box 6002<br>FI-0052-Vero Finland | Future Electronics<br>c/o Diane Svendsen<br>41 Main St.<br>Bolton, MA 01740-1134 | GECITS - Bankruptcy<br>P O Box 13708<br>Macon, GA 31208-3708 |
| GENBAND US LLC AND ITS SUBSIDIARIES<br>c/o Caroline R. Penninck, Esq.<br>3208 Fannin Lane<br>Grapevine, Texas 76092<br>Email: cpenninck@gchub.com<br>Phone 76092-3328 | (p)MICHAEL REED OR LEE GORDON<br>PO BOX 1269<br>ROUND ROCK TX 78680-1269 | Gregory B. Kalush<br>2402 Danbury Dr.<br>Colleyville, TX 76034-5424 |
| Illinois Secretary of State<br>Dept of Business Services<br>350 Howlett Building<br>Springfield, IL 62756-0001 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Interphase Corporation<br>4240 International Pkwy<br>Suite 105<br>Carrollton, TX 75007-1985 |
| James C. Poole, Jr.<br>8136 Westlakes Place<br>Montgomery, AL 36117-5156 | Jennifer J. Kosharek<br>658 Point Loma Dr.<br>Frisco, TX 75034-8892 | John J. Kane<br>Kane Russell Coleman & Logan PC<br>1601 Elm St. Suite 3700<br>Dallas, TX 75201-7207 |

Level 3 Communications(Legal Dept. Bky)
1025 Eldorado Blvd
Broomfield Co 80021-8869

Marlin Business Bank
300 Fellowship Rd.
Mt. Laurel, NJ 08054-1201

Massachusetts Department of Revenue
Bankruptcy Unit
P. O. Box 9564
Boston, MA 02114-9564

Holland Neff O'Neil
Gardere Wynne Sewell LLP
2021 McKinney Avenue
Suite 1600
Dallas, TX 75201-4761

Caroline Penninck
1445 Ross Avenue, Suite 3700
Dallas, TX 75202-2755

Rimini Street, Inc.
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566-3127

SAP America, Inc.
Brown & Connery, LLP
6N. Broad Street
c/o Donald Ludman, Esq
Woodbury, NJ 08096-4635

George C. Scherer
Law Office of Robert Luna, PC
4411 N. Central Expy.
Dallas, TX 75205-4210

Laurie A. Spindler
Linebarger, Goggan, Blair & Sampson
2777 N. Stemmons Frwy Ste 1000
Dallas, TX 75207-2328

State Of California
Bankruptcy Section MS A340
Franchise Tax Board
PO Box 2952
Sacramento, CA 95812-2952

State of Florida - Department of Revenue
Post Office Box 6668
Tallahassee, FL 32314-6668

TTI, Inc.
2441 Northeast Parkway
Fort Worth, TX 76106-1816

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

Uusimaa ELY Centre
P.O. Box 54
Fl-00521 Helsinki Finland

VL Capital Management LLC
319 West 101st Street, Apartment 5
New York, NY 10025-8486

Washington State Department
Of Labor & Industries
PO Box 44171
Olympia, WA 98504-4171

Mark A. Weisbart
The Law Office of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251-1366

Yoram Solomon
2700 Big Creek Ct.
Plano, TX 75093-3362

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Lee Gordon
McCreary Veselka Bragg & Allen, PC
PO Box 1269
Round Rock, TX 78665

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Mark A. Weisbart
The Law Office of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251-1366

(d)Mark A. Weisbart
The Law Office of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251-1366

End of Label Matrix
Mailable recipients    47
Bypassed recipients     2
Total                  49