## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| IN RE: | |
| | Case No. 15-41732 |
| INTERPHASE CORPORATION | Chapter 7 |
| Debtor | |

### TRUSTEE'S MOTION TO (i) AMEND EMPLOYMENT TERMS OF GARDEN CITY GROUP, LLC, AND (ii) AUTHORIZE PAYMENT OF FEE

**YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING _WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE_ SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

Mark A. Weisbart, Chapter 7 Trustee ("Trustee") in the above-referenced bankruptcy case, files this Motion to (i) Amend Employment Terms of Garden City Group, LLC, and (ii) to Authorize Payment of Fee. pursuant to Sections 328 and 330 of the Bankruptcy Code, seeking to revise the employment terms of Garden City Group, LLC, the estate's distribution agent, and authority to pay the approved fee. In support of this relief, Trustee would respectfully show the Court as follows:

### I. JURISDICTION

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this motion is authorized pursuant to 11 U.S.C. §§ 327 and 328(a) and FED.R.BANKR.P. 2014.

## II. PROCEDURAL AND FACTUAL BACKGROUND

2. On September 30, 2015 (the "Petition Date"), Interphase Corporation (the "Debtor" or "Interphase") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") commencing the above-referenced bankruptcy case.

3. Mark A. Weisbart was thereafter appointed the interim Chapter 7 Trustee, and has continued in the capacity as trustee since the meeting of creditors.

4. In light of the estate's assets and the aggregate amount of claims filed by creditors, the Trustee determined there was a reasonable possibility a surplus could arise resulting in a distribution to the Debtor's shareholders.

5. At the time it ceased operations and filed this case, Interphase was a publicly traded company whose common stock traded on the NASDAQ Stock Market under ticker symbol NASDAQ: INPH. Upon information and belief, on or about October 12, 2015 (the "Delisting Date"), Interphase's common stock was delisted from NASDAQ due to the commencement of this case. Upon further information and belief, there are 8,393,981 outstanding common shares (the "Common Shares").

6. The Debtor's transfer agent until shortly after the commencement of this case was Computershare Investor Services ("Computershare"). Since the Petition Date, however, the Common Shares have continued to trade on the over-the-counter market, the pink sheets, under ticker symbol INPHQ:PK (the "OTC Trading").[1]

7. Given the possibility that this case could result in a surplus estate, on March 31, 2017, Trustee filed his application (the "Employment Application") to retain Garden City Group,

---

[1] Financial websites have indicated that the Common Shares have average volume of trading of 16,482. Due to the OTC Trading, the beneficial owners of the shares traded are not readily ascertainable.

LLC ("GCG") as the estate's distribution agent for the distribution of any surplus to holders of common shares.

8. As set forth in the Employment Application, it was estimated that the total fees and expenses for GCG services would be under $10,000.00. Trustee requested authorization to pay Garden City up to this amount without further order of the Court upon completion of its services. If the total fees and expenses exceed this amount, Trustee proposed to submit a fee application pursuant to 11 U.S.C. §§ 328 and 330.

9. Since approval of the Employment Application it has become apparent that this arrangement is unworkable. GCG's services involve the distribution of the surplus funds to holders of the Debtor's Common Shares.[2] Before GCG provides these services, however, the Trustee must first submit and obtain approval of his Trustee Final Report (the "TFR"). But before the Trustee submits his final report, all professional fee applications must be filed and ruled upon. Yet, it's impossible to determine before GCG's services are rendered what the precise amount of fees and expenses attributable to those service will be for purposes of submitting any such fee application.

10. Although GCG previously provided an estimate of $10,000, it has since confirmed (i) the number of outstanding Common Shares for distribution purposes, and (ii) that there exists forty (40) individual registered holders (the "Holders") of the shares (the "Holder Shares") with all other shares held in street name through DTCC (The Depository Trust and Clearing Corporation) (the "DTCC Shares"). GCG, however, cannot ascertain the number of beneficial owners of the DTCC Shares.

---

[2] The Trustee has concurrently filed his Motion to Approve Equity Distribution and Estate Closing Procedures (the "Distribution Motion") seeking approval of certain procedures with regard to the filing of the Trustee's final report, distribution of estate funds to equity holders of Interphase Corporation and closure of the case. Specifically, the Trustee requests authority to identify CGG as the recipient of the surplus responsible for making distribution of the surplus by payment (i) directly to individual registered holders of the Debtor's common shares, and (ii) DTCC who is holds the remaining common shares in street name for the beneficial owners.

11. A significant portion of GCG's estimated fee is attributable to calls and inquiries from recipients of the surplus GCG reasonably anticipates receiving and having to field. There is simply no way to determine the number of inquiries GCG will receive from the beneficial holders of the outstanding 8.4 million Common Shares.

12. To resolve this dilemma, GCG has agreed to accept as full compensation for its services and reimbursement of expenses the sum of $15,000.00 (the "Flat Fee").

13. Trustee believes this is in the best interest of the estate and all interested parties. Approval of the Flat Fee will enable the Trustee to finalize his TFR for approval, and will expedite the distribution of the estate to creditors and shareholders and the closure of the case.

### III. RELIEF REQUESTED

14. Trustee requests, pursuant to Sections 328 and 330 of the Bankruptcy Code, approval of the foregoing modification to GCG's employment terms and authority to pay GCG the Flat Fee in full satisfaction for its prospective services and expenses.

15. Section 328(a) provides that a trustee, with the court's approval, may employ a professional person under section 327 on any reasonable terms and conditions of employment, including, without limitation, on a percentage fee basis or a contingent fee basis. While the terms of such employment were previously approved by the Court, the Trustee believes that such terms and conditions are improvident in light of developments not capable of being at such time.

### IV. SERVICE

16. Service of this Motion has been made in accordance with the Court's Order Granting Application to Limit Notice of Pleadings Pursuant to Fed.R.Bank.P 2002(h) and 9007. Trustee requests the Court find that such notice is appropriate and sufficient.

### V. PRAYER

WHEREFORE, the Trustee respectfully requests that the Court enter an Order (i)

approving the modification in the terms of Garden City Group, LLC's engagement, (ii) authorizing his payment of $15,000 for its services, and (iii) granting him Trustee such other and further relief to which he is justly entitled.

> Respectfully Submitted,
>
> /s/ Mark A. Weisbart
> Mark A. Weisbart
> Texas Bar No. 21102650
> THE LAW OFFICE OF MARK A. WEISBART
> 12770 Coit Road, Suite 541
> Dallas, Texas 75251
> (972) 628-4903 Phone
> mark@weisbartlaw.net
>
> COUNSEL FOR CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served on the parties on the attached mailing list in accordance with LBR 9013(f) either through the Court's electronic notification system as permitted by Appendix 5005 III. E. to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid on this the 28th day of December 2017.

> /s/ Mark A. Weisbart
> Mark A. Weisbart

```
Label Matrix for local noticing          Evan R. Baker                            Shawn M. Christianson
0540-4                                   1601 Elm Street                          Buchalter, A Professional Corporation
Case 15-41732                            Suite 3000                               55 Second St., 17th Fl.
Eastern District of Texas                Dallas, TX 75201-4757                    San Francisco, CA 94105-3491
Sherman
Thu Dec 28 11:27:48 CST 2017

(p)MICHAEL REED OR LEE GORDON            Interphase Corporation                   John J. Kane
PO BOX 1269                              4240 International Pkwy                  Kane Russell Coleman & Logan PC
ROUND ROCK TX 78680-1269                 Suite 105                                1601 Elm St. Suite 3700
                                         Carrollton, TX 75007-1985                Dallas, TX 75201-7207


Holland Neff O'Neil                      Leo Oppenheimer                          Caroline Penninck
Gardere Wynne Sewell LLP                 Reid Collins & Tsai LLP                  1445 Ross Avenue, Suite 3700
2021 McKinney Avenue                     1601 Elm St., Ste. 4250                  Dallas, TX 75202-2755
Suite 1600                               Dallas, TX 75201-7282
Dallas, TX 75201-4761


George C. Scherer                        Laurie A. Spindler                       US Trustee
Law Office of Robert Luna, PC            Linebarger, Goggan, Blair & Sampson      Office of the U.S. Trustee
4411 N. Central Expy.                    2777 N. Stemmons Frwy Ste 1000           110 N. College Ave.
Dallas, TX 75205-4210                    Dallas, TX 75207-2328                    Suite 300
                                                                                  Tyler, TX 75702-7231


Mark A. Weisbart
The Law Office of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251-1366
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Lee Gordon
McCreary Veselka Bragg & Allen, PC
PO Box 1269
Round Rock, TX 78665
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Mark A. Weisbart                      (d)Mark A. Weisbart                      End of Label Matrix
The Law Office of Mark A. Weisbart       The Law Office of Mark A. Weisbart       Mailable recipients    12
12770 Coit Road, Suite 541               12770 Coit Road, Suite 541               Bypassed recipients     2
Dallas, TX 75251-1366                    Dallas, TX 75251-1366                    Total                  14
```