**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| IN RE: <br><br> INTERPHASE CORPORATION <br><br> Debtor | Case No. 15-41732 <br> Chapter 7 |

**MOTION TO APPROVE EQUITY DISTRIBUTION
AND ESTATE CLOSING PROCEDURES**

**YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING _WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE_ SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

Mark A. Weisbart, Chapter 7 Trustee ("Trustee") in the above-referenced bankruptcy case, files this Motion to Approve Equity Distribution and Estate Closing Procedures, pursuant to Sections 105(a) and 726 of the Bankruptcy Code, seeking approval of procedures with regard to the distribution of estate funds to equity holders of Interphase Corporation. In support of this relief, Trustee would respectfully show the Court as follows:

### I. JURISDICTION

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this motion is authorized pursuant to 11 U.S.C. §§ 105(a) and 726.

## II. PROCEDURAL AND FACTUAL BACKGROUND

2. On September 30, 2015 (the "Petition Date"), Interphase Corporation (the "Debtor" or "Interphase") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") commencing the above-referenced bankruptcy case.

3. Mark A. Weisbart was thereafter appointed the interim Chapter 7 Trustee, and has continued in the capacity as trustee since the meeting of creditors.

4. Prior to commencing the filing of this bankruptcy case Interphase was an information and communications technology company providing embedded computing solutions, engineering design services, and contract manufacturing services in North America, the Pacific Rim and Europe.

5. Trustee has completed the liquidation of the Debtor's assets. As the proceeds exceed the allowed filed claims this will be a surplus estate, resulting in a distribution to equity holders.

6. At the time it ceased operations and filed this case, Interphase was a publicly traded company whose common stock traded on the NASDAQ Stock Market under ticker symbol NASDAQ: INPH. Upon information and belief, on or about October 12, 2015 (the "Delisting Date"), Interphase's common stock was delisted from NASDAQ due to the commencement of this case. Upon further information and belief, there are 8,393,981 outstanding common shares (the "Common Shares").

7. The Debtor's transfer agent until shortly after the commencement of this case was Computershare Investor Services ("Computershare"). Since the Petition Date, however, the Common Shares have continued to trade on the over-the-counter market, the pink sheets, under

ticker symbol INPHQ:PK (the "OTC Trading").[1]

8. Due to the uniqueness and complexity of the matter, the Trustee sought and obtained, by order entered on April 25, 2017 [Doc. No. 161], approval to engage The Garden City Group, LLC ("GCG") to assist in the process of distributions to equity holders.[2] GCG has confirmed (i) the number of outstanding Common Shares for distribution purposes, and (ii) that there exists forty (40) individual registered holders (the "Holders") of the shares (the "Holder Shares") with all other shares held in street name through DTCC (The Depository Trust and Clearing Corporation) (the "DTCC Shares").[3]

9. Having completed the liquidation of the estate's assets following approval of all professional fee applications, Trustee is prepared to submit a final report and promptly close the case. However, the regular and customary closure procedures for chapter 7 estates are inadequate to address the complexities of making a distribution to equity holders given that the Common Shares remain subject of continuing public OTC Trading.

10. While Trustee, through GCG, can identify the Holders directly or in street name as of September 30, 2015, there is no information with respect to those beneficial owners of the shares held by brokerage firms or those who since the Petition Date acquired, and who continue to acquire, shares of Interphase's common stock through OTC Trading.

11. For purposes of providing notice of stock distributions or redemptions to equity holders and other interested parties, it's the customary practice within the securities industry for

---

[1] Financial websites have indicated that the Common Shares have average volume of trading of 16,482. Due to the OTC Trading, the beneficial owners of the shares traded are not readily ascertainable.

[2] Per this order, Trustee was authorized to pay GCG fees and expenses up to $10,000. Concurrently herewith, Trustee is filing a motion to modify terms of GCG's employment to provide up to $15,000 in fees and expenses.

[3] There remain "reserve accounts" c/o Computershare, but upon information and belief, the shares contained in these accounts while outstanding have not been issued.

the issuer to request from FINRA (Financial Industry Regulatory Authority) issuance of a notice establishing a record date for such events (the "Record Date"). The fee to establish such record date and afford no less than ten days' notice is $299.00 (the "FINRA Fee").

12.     In the Trustee's business judgment there is a need to obtain a Record Date through FINRA for purposes of establishing shareholders' rights in the distribution of the estate's surplus.

13.     In order to best achieve distribution of the estate's surplus and the prompt closure of the estate, the Trustee seeks authority to implement the following procedures:

(i)     Trustee shall submit his Trustee's Final Report (the "TFR") to the Office of the United States Trustee after approval of this Motion and these procedures and within fourteen (14) days of an orders approving the final professional fee applications.

(ii)    In the TFR, Trustee shall (A) identify the projected surplus for distribution for which the Trustee shall request a Record Date from FINRA that is anticipated to be within thirty (30) days after the Court's approval of the TFR; (B) include payment of the GCG Fee and the FINRA Fee as costs of administration; (C) allocate for distribution purposes the surplus to the Common Shares, and (D) identify GCG as the recipient of the surplus distribution.

(iii)   Upon approval of the TFR, Trustee shall be authorized to (A) request from FINRA a Record Date for distribution of the surplus to beneficial owners of the DTCC Shares that is within thirty (30) days of such approval; (B) pay the GCG Fee and the FINRA Fee; and (C) make a full distribution of the surplus to GCG for disbursement by GCG to holders of the Holder Shares as of September 30, 2015, and DTCC as record holder of the DTCC Shares, for distribution by DTCC to the beneficial owners of such shares as of the Record Date and as reflected in its records.

(iv)    Upon approval of the TFR, (i) GCG, upon receipt of the surplus from the Trustee, shall be authorized, on behalf of the bankruptcy estate, to disburse the surplus on a pro rata basis to holders of the Holder Shares as of the September 30, 2015, and to DTCC as custodian for the beneficial owners of the DTCC Shares as of the Record Date, and (ii) DTCC, upon receipt of funds from GCG, shall be authorized to disburse such funds to the beneficial owners of the DTCC Shares as of the Record Date and as reflected in its records;

(v)     In the event any disbursements made by GCG to holders of the Holder Shares are returned to GCG as undeliverable or unclaimed, GCG shall, no earlier than ninety (90) days after such initial disbursement, remit all such returned and unclaimed funds to the Trustee;

(vi) With respect to all returned and unclaimed funds remitted by GCG, Trustee shall deposit such funds into the registry of the Court as unclaimed funds in accordance with Section 347 of the Bankruptcy Code (the "Deposit").

(vii) In the event that any funds are returned to DTCC as undeliverable or go unclaimed, DTCC shall be authorized to remit such funds to the appropriate state agencies as unclaimed funds under applicable state law;

(viii) Following the Deposit, Trustee shall submit to the United States Trustee his Final Account and Distribution Report Certification that the Estate Has Been Fully Administered and Application to Be Discharged in accordance with Fed.R.Bankr.P. 5009(a) (the "TDR") evidencing the Trustee's full administration of the estate for purposes of Section 350(a) of the Bankruptcy Code; and

(ix) Upon entry of an order discharging the Trustee, the Clerk of the Court shall close the bankruptcy case.

### III. RELIEF REQUESTED

14. Section 105(a) of the Bankruptcy Code, "[t]he court may issue any order … that is necessary or appropriate to carry out the provisions of [title 11]." Section 726(a)(6) provides that any surplus of the estate be distributed to "the debtor." In this instance the Debtor is a shell of itself. Each of its officers and directors resigned effective as of the Petition Date; thus, there is no person to whom to make any such distribution. As a consequence, there is no "debtor" for purposes of distributing the surplus. While this provision is straightforward in the case of an individual debtor, it is superfluous in a case of a publicly traded company where there is no one "manning the bridge." Clearly, the intent of Section 726(a)(6), at least in a business case, is to provide, in the extraordinary event that the estate exceeds the aggregate expenses of administration and claims as set forth in Section 726(a)(1)-(5), the equity holders of the debtor with the benefits of any such surplus.

15. Section 704(a) requires that a trustee "close [an] estate as expeditiously as is compatible with the best interests of parties in interest," and "make a final report and file a final account of the administration of the estate with the court and with the United States trustee." 11

U.S.C. §§ 704(a)(1) and (9).

16. The Trustee believes that given the uniqueness of this case the procedures outlined above for the distribution of the surplus to equity holders are consistent with his duties and these requirements, and the intention of Section 726. The distribution procedure is also consistent with the normal and customary procedures employed in the securities industry for facilitating the distributions to or redemptions from equity holders of publicly traded companies.

17. The Trustee believes this process serves the best interest of all parties in interest and ensures closure in an expeditious and orderly fashion.

## V. SERVICE

18. Service of this Motion has been made in accordance with the Court's Order Granting Application to Limit Notice of Pleadings Pursuant to Fed.R.Bank.P 2002(h) and 9007. Trustee requests the Court find that such notice is appropriate and sufficient.

## VI. PRAYER

WHEREFORE, the Trustee respectfully requests that the Court (i) approve the disbursement and closing procedures outlined above, (ii) authorize the Trustee to submit his final report in a manner consistent with the foregoing procedures, (iii) authorize the Trustee, GCG and DTCC to make the distributions of the estate's surplus in the manner outlined above, and (iv) the Trustee such other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
THE LAW OFFICE OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-4903 Phone
mark@weisbartlaw.net

COUNSEL FOR CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing instrument was served on the attached mailing list either through the Court's electronic notification system as permitted by Appendix 5005 III. E. To the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid on this the 9th day of January, 2018.

/s/ Mark A. Weisbart
Mark A. Weisbart

Label Matrix for local noticing  
0540-4  
Case 15-41732  
Eastern District of Texas  
Sherman  
Tue Jan  9 11:26:47 CST 2018  

Alcatel-Lucent International  
William Hagerman  
1960 Lucent Lane  
Napeville, IL 60563-1594  

Ahydata Corporation  
5 Oldfield  
Irvine, CA 92618-2840  

Arrow Electronics Inc.  
c/o NAC Risk Recovery  
9201 E. Dry Creek Road  
Englewood, Co 80112-2818  

Avnet, Inc.  
5400 Prairie Stone Pkwy  
Hoffman Estates, IL 60192-3721  

B.E. Capital Management Fund LP  
228 Park Avenue S #63787  
New York, NY 10003-1502  

Evan R. Baker  
1601 Elm Street  
Suite 3000  
Dallas, TX 75201-4757  

Bankruptcy Section MS A340  
Franchise Tax Board  
P O Box 2952  
Sacramento, CA  95812-2952  

CBT Technology Inc.  
Atrenne Computing Solutions  
10 Mupac Drive  
Brockton, MS 02301-5548  

Shawn M. Christianson  
Buchalter, A Professional Corporation  
55 Second St., 17th Fl.  
San Francisco, CA 94105-3491  

City of Carrollton  
c/o Laurie Spindler Huffman  
Linebarger Goggan Blair & Sampson, LLP  
2777 N Stemmons Freeway Suite 1000  
Dallas, TX 75207-2328  

Comptroller of Public Accounts  
c/o Office of the Attorney General  
Bankruptcy - Collections Division MC-008  
PO Box 12548  
Austin TX  78711-2548  
( 78711-2548  

Computershare Trust Co. Inc.  
100 University Ave, 8th Fl.  
Toroonto, ON Msj241  

Denton County  
c/o Lee Gordon  
P.O. Box 1269  
Round Rock, Texas 78680-1269  

Department Of Health and Human Services  
Jeffrey Grant  
7500 Security Blvd, Mail Stop WV-22-75  
Baltimore, MD 21244-1849  

Digi-Key Corporation  
PO Box 677  
Thief River Falls, MN 56701-0677  

Ernst And Young Societe D'Avocoats  
Tour First-TSA 14444  
Paris-La Defense, FR 92037  

FedEx TechConnect, Inc.  
Attn: Revenue Recovery/Bankruptcy  
3965 Airways Blvd. Module G.,3rd Floor  
Memphis,TN 38116-5017  

Finnish Tax Administration  
Collection and Recovery Unit of  
Southern Finland  
P.O. Box 6002  
FI-0052-Vero Finland  

Future Electronics  
c/o Diane Svendsen  
41 Main St.  
Bolton, MA 01740-1134  

GECITS - Bankruptcy  
P O Box 13708  
Macon, GA 31208-3708  

GENBAND US LLC AND ITS SUBSIDIARIES  
c/o Caroline R. Penninck, Esq.  
3208 Fannin Lane  
Grapevine, Texas 76092  
Email: cpenninck@gchub.com  
Phone 76092-3328  

(p)MICHAEL REED OR LEE GORDON  
PO BOX 1269  
ROUND ROCK TX 78680-1269  

Gregory B. Kalush  
2402 Danbury Dr.  
Colleyville, TX 76034-5424  

Illinois Secretary of State  
Dept of Business Services  
350 Howlett Building  
Springfield, IL 62756-0001  

Internal Revenue Service  
P.O. Box 7346  
Philadelphia, PA 19101-7346  

Interphase Corporation  
4240 International Pkwy  
Suite 105  
Carrollton, TX 75007-1985  

James C. Poole, Jr.  
8136 Westlakes Place  
Montgomery, AL 36117-5156  

Jennifer J. Kosharek  
658 Point Loma Dr.  
Frisco, TX 75034-8892  

John J. Kane  
Kane Russell Coleman & Logan PC  
1601 Elm St. Suite 3700  
Dallas, TX 75201-7207

| | | |
|---|---|---|
| Level 3 Communications(Legal Dept. Bky)<br>1025 Eldorado Blvd<br>Broomfield Co 80021-8869 | Marlin Business Bank<br>300 Fellowship Rd.<br>Mt. Laurel, NJ 08054-1201 | Massachusetts Department of Revenue<br>Bankruptcy Unit<br>P. O. Box 9564<br>Boston, MA 02114-9564 |
| Holland Neff O'Neil<br>Gardere Wynne Sewell LLP<br>2021 McKinney Avenue<br>Suite 1600<br>Dallas, TX 75201-4761 | Leo Oppenheimer<br>Reid Collins & Tsai LLP<br>1601 Elm St., Ste. 4250<br>Dallas, TX 75201-7282 | Caroline Penninck<br>1445 Ross Avenue, Suite 3700<br>Dallas, TX 75202-2755 |
| Rimini Street, Inc.<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA 94566-3127 | SAP America, Inc.<br>Brown & Connery, LLP<br>6N. Broad Street<br>c/o Donald Ludman, Esq<br>Woodbury, NJ 08096-4635 | George C. Scherer<br>Law Office of Robert Luna, PC<br>4411 N. Central Expy.<br>Dallas, TX 75205-4210 |
| Laurie A. Spindler<br>Linebarger, Goggan, Blair & Sampson<br>2777 N. Stemmons Frwy Ste 1000<br>Dallas, TX 75207-2328 | State Of California<br>Bankruptcy Section MS A340<br>Franchise Tax Board<br>PO Box 2952<br>Sacramento, CA 95812-2952 | State of Florida - Department of Revenue<br>Post Office Box 6668<br>Tallahassee, FL 32314-6668 |
| TTI, Inc.<br>2441 Northeast Parkway<br>Fort Worth, TX 76106-1816 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | Uusimaa ELY Centre<br>P.O. Box 54<br>Fl-00521 Helsinki Finland |
| VL Capital Management LLC<br>145 Borinquen Place, Apt 30<br>Brooklyn, NY 11211-4671 | Washington State Department<br>Of Labor & Industries<br>PO Box 44171<br>Olympia, WA 98504-4171 | Mark A. Weisbart<br>The Law Office of Mark A. Weisbart<br>12770 Coit Road, Suite 541<br>Dallas, TX 75251-1366 |
| Yoram Solomon<br>2700 Big Creek Ct.<br>Plano, TX 75093-3362 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Lee Gordon
McCreary Veselka Bragg & Allen, PC
PO Box 1269
Round Rock, TX 78665

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Mark A. Weisbart
The Law Office of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251-1366

(d)Mark A. Weisbart
The Law Office of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251-1366

End of Label Matrix
Mailable recipients    48
Bypassed recipients     2
Total                  50